## Katterman *against* Stitzer.

In an action for a malicious prosecution, a copy of the record of the prosecution is competent evidence, not only to show that the plaintiff was acquitted, but also that the defendant was the prosecutor.

A certified transcript of an information upon which a prosecution was founded, taken from the docket of a justice of the peace, is not legal evidence in an action for a malicious prosecution.

In an action for a malicious prosecution, it is competent for the plaintiff to give evidence of facts which had a tendency to show his innocence of the offence with which he was charged, and of the defendant's knowledge of them.

ERROR to the common pleas of *Dauphin* county.

Michael Katterman against John Stitzer. Action on the case for falsely and maliciously arresting, prosecuting and imprisoning the plaintiff upon a charge of perjury.

The plaintiff offered in evidence a copy of the record of the court of quarter sessions of Schuylkill county showing the indictment, issue, trial, verdict and judgment in the case of the Commonwealth against Michael Katterman for perjury, for the purpose of showing that the present plaintiff was acquitted, and also that John Stitzer was the prosecutor and was directed by the jury and sentenced by the court to pay the costs.

The defendant objected to the evidence for any purpose but to show an acquittal. The court below admitted the evidence for that

VII.—R

purpose, but rejected it for the purpose of showing that the present defendant was the prosecutor.

The plaintiff offered in evidence a transcript of the docket entry of the information against and commitment of Katterman, made by William Wingent, Esq. a justice of the peace, who had removed from the state, and which was duly certified by Leonard Reedy, a justice to whom the docket was delivered. This evidence was objected to by the defendant, and rejected by the court.

After the evidence given, the plaintiff offered to prove that John Walborn, who is stated in the indictment against Katterman to have been the person to whom the orders mentioned, concerning which Katterman was alleged to have committed perjury, were given by Katterman, swore on the trial of Katterman before the court of Schuylkill county, that said order was taken into the account between Stitzer and Katterman, prior to the time when Katterman swore before the referees; and that prior to that time, Stitzer had agreed to pay the amount of said order to Walborn. For the purpose of showing that Stitzer commenced the prosecution against Katterman, and indicted him without reasonable or probable cause; and that he the said Stitzer knew there was no ground whatever for the prosecution of said Katterman.

It was objected that this was an offer to prove what a witness swore in a trial between other parties; a different point in issue and in a criminal prosecution.

The objection was sustained, and the plaintiff excepted.

The plaintiff also offered to prove that in the trial of a certain cause wherein the defendant John Stitzer was plaintiff, and the plaintiff Michael Katterman was defendant, instituted to recover the amount of the order mentioned in the indictment of said Katterman, John Walborn, the holder of said order mentioned in said indictment, swore that said order was settled for by said Katterman and Stitzer, prior to the time when Katterman swore respecting the same; that said Stitzer had agreed to pay the amount thereof to the witness Walborn; and had promised said Walborn to pay him as soon as he got said order from Katterman; that said order was not written till the month of April following the time when Stitzer agreed to pay the same; for the purpose of showing that the prosecution and indictment of Katterman by Stitzer, were without reasonable or probable cause; and that said Stitzer knew that said Katterman was not guilty when he prosecuted him for perjury.

It was objected by the defendant, that this was an offer to prove what witness swore in a different cause from the present, wherein the point in controversy and the issue were different.

The objection was sustained, and the plaintiff *excepted.*

The plaintiff then offered to prove that the present suit originated by a *capias*, that the defendant was imprisoned, and took out a *habeas corpus* to have himself released, in which he failed and then gave bail.

The evidence was objected to and rejected.

[Katterman v. Stitzer.]

*Johnston,* for plaintiff in error.
*Rawn,* for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The second error assigned has been waived; the first, therefore, which includes the bills of exception to the opinion of the court in regard to evidence, is all that remains to be considered. The first, and eighth or last, bills of exception, are the same and may be disposed of together. The record of the court of quarter sessions of Schuylkill county is admitted to have been proper evidence to prove the acquittal of the plaintiff, and was accordingly received for this purpose by the court below, but it was rejected as evidence to show that the defendant here was the prosecutor there. It is not easy to perceive any good ground why it should have been admitted for the one purpose and not for the other. That the jury had a right to determine who the prosecutor was in the indictment against the plaintiff here, and that it was a matter properly put in issue before them, cannot be questioned. For in case of their finding the defendant before them not guilty, the act of assembly passed in that behalf made it their duty to decide whether the costs of the prosecution should be paid by the county, the prosecutor or the defendant; and if they found that the prosecutor ought to pay, to determine who he was, and to name him; so that this finding of the jury, in this respect, was as much a matter of record, and a part of the record that was offered in evidence, as the acquittal of the defendant therein. It was clearly evidence, not merely *prima facie,* of the fact, but conclusive; as much so as if the defendant here on the trial of the indictment had indorsed or caused himself to be indorsed thereon the prosecutor. The court below, therefore, erred in not admitting the record to show that the defendant here was the prosecutor, as well as to show that the plaintiff here was acquitted of the charge contained in the indictment.

The second bill of exception is to the opinion of the court, in rejecting a writing offered to be read in evidence by the plaintiff's counsel, alleged to be a certified copy, taken and given by Leonard Reedy, at that time a justice of the peace of Schuylkill county, from a book lodged with him as the docket of William Wingent, a justice of the peace also before then of the same county, but removed from and residing then without this state, of an entry of an information by John Stitzer, the defendant here, against Michael Katterman the plaintiff, showing that Stitzer, on the 17th of March 1834, upon his oath charged the plaintiff here with having committed perjury on the 15th of February preceding; upon which, a warrant of arrest was issued by Wingent against Stitzer, who was by virtue thereof arrested, brought before Wingent, and, refusing to give sufficient bail to answer at the next court of quarter sessions of the peace of the said county, was committed. No return of any such proceeding as that mentioned in the paper offered to be read in evidence appeared to

[Katterman v. Stitzer.]

have been returned by Wingent to the court of quarter sessions of the peace of Schuylkill county, or, at least, the clerk of that court could find nothing of the kind in his office. The court below, upon the objection of the defendant's counsel to its being read in evidence, overruled it. Supposing all the proceedings to have taken place before William Wingent, Esq., of which the paper offered in evidence purports to contain a minute, there is certainly no act of assembly making even a certified copy thereof given by the justice himself, who received the information and made the memorandum or minute thereof and the proceedings thereon in his docket, evidence in such case under any circumstances whatever. The proceeding, being exclusively criminal, does not come within any of our acts of assembly giving to justices of the peace jurisdiction in civil matters, and creating them inferior courts, as it were, for the trial and determination thereof. For certain purposes, certified transcripts, from justices of the peace, in civil cases of their proceedings therein, as contained in their dockets, given by themselves under their hands and seals respectively, or in the event of their being dead or having removed from the county, by their administrators, executors, or other justices of the peace remaining within the district, with whom their dockets may be left for such purpose, are made evidence by those acts, and therefore must, when offered, be received. But, according to the rules of the common law, it is perfectly clear, that such transcripts cannot be admitted in evidence under any circumstances, without other evidence being given first of their truth. Whether they be of civil or criminal proceedings, the court below was right therefore in rejecting the evidence.

The third and fourth exceptions turn upon the same principle, and will therefore be considered together. We are inclined to think that the evidence mentioned in these two bills of exception tended somewhat to prove the innocence of the plaintiff, when the defendant prosecuted him for perjury, and that the innocence of the plaintiff was known to the defendant. If so, it went to prove a want of probable cause, and therefore ought to have been received.

In regard to the fifth bill of exception, sufficient does not appear on the paper book to enable us to judge of the relevancy and admissibility of the evidence mentioned in it. The declaration of the plaintiff is not given in the paper book, nor even a copy of the warrant of commitment which was offered to be read to the jury as the evidence mentioned in this bill. If the fact of the plaintiff's having been committed at the instance and by the procurement of the defendant, without any probable cause, be set forth in the plaintiff's declaration, I see no reason why it should not have been admitted. But if it is not mentioned and relied on by the plaintiff in his declaration as part, at least, of the ground of his complaint, I am at a loss to discover why it should have been offered or received.

As to the sixth bill of exceptions, we can perceive no error committed by the court in rejecting the evidence mentioned therein.

[Katterman v. Stitzer.]

Indeed, I am unable to discover the purpose or object for which it was offered. It certainly was not material to the issue trying, whether the defendant was arrested upon a *capias ad respondendum*, sued out in commencing this action, committed to jail, and finally compelled to give bail to answer the plaintiff upon it, or not.

The seventh bill of exception has not been relied on.

The judgment of the court below is reversed, and a *venire de novo* awarded.