## Magee *et al. versus* Scott.

A justice's record can only be proved by the production of the original, or by a sworn copy; his transcript is not evidence, except when made so by statute.

ERROR to the Common Pleas of *Warren county.*

This was an action of trespass by Reuben C. Scott against Henry Magee, John A. Warner, and Jared Sandford, to recover the value of a horse attached by Sandford, as constable, by virtue of an attachment, in favour of Warner, against R. S. Montgomery.

On the trial, the plaintiff proved the sale of the horse by J. W. Scott, to himself, and the taking of it by Sandford. The defendants then gave evidence tending to prove that Montgomery had previously sold the horse to Warner. The plaintiff then offered in evidence a transcript from the docket of Joseph A. Magee, Esquire, a justice of the peace, to show that an action of trover had been brought by Warner against J. W. Scott & Co., for this horse, which had been prosecuted to judgment, and damages recovered. There was proof of the justice's signature to the transcript.

The defendants objected to the admission of this transcript in evidence, but the court admitted the evidence, and sealed a bill of exceptions. And a verdict and judgment having been rendered for the plaintiff for $143, the defendants removed the cause to this court, and here assigned the same for error.

*R. Brown*, for the plaintiffs in error, cited Welsh *v.* Crawford, 14 *S. & R.* 441; Katterman *v.* Stitzer, 7 *Watts* 189; Baird *v.* Campbell, 4 *W. & S.* 491; Snyder *v.* Wise, 10 *Barr* 157.

*L. D. Wetmore*, for the defendant in error.

The opinion of the court was delivered by

THOMPSON, J.—It sometimes happens that, where rules and principles have long ceased to be controverted, their very existence is lost sight of, or it comes to be believed that, in the mutations of time and things, they too have fallen beneath this same irresistible power. It is the duty of courts to reclaim them, alike from innovations, and the efflux of time. Rules of evidence are the avenues to truth, and they should be followed. They are none the less to be respected because venerable from age. We think a well settled rule was lost sight of in the present case.

For certain purposes, indicated by certain Acts of Assembly, transcripts of justices of the peace, merely certified to officially,

[Magee *et al.* v. Scott.]

are evidence. Outside of these purposes, not being records upon common law definitions, they must be differently authenticated, and something more is required than the justice's certificate. If the original docket be not produced, a sworn copy can only supply its place. This is the settled rule to be found in many cases. Among them are 13 *S. & R.* 57 ; 14 *S. & R.* 441 ; 7 *Watts* 189 ; 4 *W. & S.* 191 ; 10 *Barr* 157. There was nothing in the case in hand to mark it as an exception to the general rule, and the learned judge erred in admitting the transcript in evidence upon the certificate alone of the justice. We must not refrain from correcting the error, because it may be, that the original, will on another trial, be produced, or the rule of authentication indicated be complied with. If this be so, then the tests required by law will have been complied with, and no room for doubt as to the accuracy of the instrument, which always rests on insufficient authentication, will remain. We cannot doubt but that the assignment of error is sustained, and the judgment must be reversed.

Judgment reversed, and a *venire de novo* awarded.