## Commonwealth *v.* Warfel.    Ream's Appeal.

*Constables—Suits against—Act of March* 21, 1772.

No action can be brought against a constable for anything done in obedience to a warrant issued by a justice of the peace, until demand has been made upon the officer, and the same has been neglected or refused for the space of six days. The condition imposed by the act of March 21, 1772, 1 Sm. L. 365, requiring such demand to be made is absolute and imperative, and is precedent to the right of action.

*Action—Constable—Altering return day in summons.*

No action can be brought against a constable for altering the return day in a summons before serving it upon defendant. Such an alteration is entirely a matter between the justice of the peace and the constable.

Argued May 17, 1893. Appeal, No. 144, Jan. T., 1893, by Josiah Ream, from judgment of C. P. Lancaster Co., Jan. T., 1891, No. 49, entering nonsuit in favor of defendants, J. S. Warfel and Milton Eby. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit on constable's bond.

The court entered a compulsory nonsuit, and subsequently refused to take it off, in the following opinion, by LIVING-STON, P. J.

"On December 29, 1890, a summons in assumpsit on the official bond of J. S. Warfel, constable, upon which the name of Milton Eby appears as surety, was issued in the form directed by the præcipe. (It will be observed that the action was not instituted in the name of the commonwealth, for the use, etc.)

"On December 17, 1891, counsel for plaintiff filed a narr, or statement, in which, he says, ' the commonwealth of Pennsylvania, (which sues for the use of Josiah Ream,) plaintiff, by B. F. Davis its attorney, complains of J. S. Warfel and Milton Eby, defendants,' to which is attached a copy of the bond sued upon, the condition of which he declares was broken by the constable, in this, ' that on December 11, 1890, he (said J. S. Warfel) made a levy upon an execution against the said Josiah Ream, which was returnable on December 29, 1890, and upon said levy and execution entered upon the premises of said Josiah Ream, in Leacock township aforesaid, and sold the following personal property belonging to said Josiah Ream (describing it). Said execution, levy and sale were unlawful and illegal, the said execution having been issued by Jacob Halbach, an alderman of Lancaster city, Pa., on December 9, 1890, upon a void judgment entered before said alderman on November 17, 1890, in which Milton Eby was plaintiff, and Josiah Ream defendant, for the sum of $111.92 and costs of suit.

"'And also in this, that on December 27, 1890, a writ of certiorari was issued out of the court of common pleas of said county, to January term, 1891, No. 47, and service and notice thereof given to said alderman, and J. S. Warfel, constable, of the removal of all proceedings on said void judgment and execution into said court of common pleas; but in spite of said certiorari, and also notice from said Josiah Ream and others, the said J. S. Warfel did, on December 29, 1890, as aforesaid, expose said articles of personal property at constable's sale, and did sell the same to different persons, mostly to Milton Eby, defendant herein, or his agents, said Eby also having notice of the issuing of the certiorari.

"' Also in this, that the return day of said illegal execution

was on December 29, 1890, and no return thereof was made until December 30, 1890.

" ' Also in this, that said J. S. Warfel, constable, had a summons directed to him as constable, dated Nov. 10, 1890, by said Jacob Halbach, alderman, in which he was commanded to summon Josiah Ream, and cause him to appear before said Jacob Halbach, alderman, at his office, No. 32 North Duke street, on Saturday, the 15th day of November, 1890, between the hours of 4 and 4½ o'clock in the afternoon, to answer Milton Eby of a plea of assumpsit, etc., that, without authority of law, the said J. S. Warfel, constable, altered and changed said dates in said summons to Monday, the 17th day of November, and upon the 17th day of November, 1890, said judgment was obtained against said Josiah Ream, . . . . and proceedings as hereinbefore stated, without lawful authority were instituted against said Josiah Ream, execution unlawfully issued, . . . . and an illegal and unlawful sale of the personal property made,' etc.

" To this declaration or statement the defendants, on January 9, 1892, entered the plea of non assumpsit.

" On August 26, 1892, the case was called for trial, a jury was sworn, and plaintiff offered in evidence the constable's bond, which was admitted without objection.

" The alderman was then sworn and examined, saying that he entered suit; M. Eby, plaintiff; Josiah Ream, defendant; the summons was directed to J. S. Warfel, constable of Leacock township; shown the summons and identified it; he entered judgment by default; then a writ of certiorari was issued, and served on Saturday evening, December 27, 1890, at 5½ P. M.; that he had issued an execution before that time, directed to J. S. Warfel, constable; when the writ of certiorari was served on him he wrote Warfel a letter the same evening, stating that a writ of certiorari had been served on him; that is his recollection; Warfel came to his office on Monday morning following, alone; he then told him about a certiorari being served, and told him he understood from Mr. Hall, his attorney, the bail was not sufficient; Warfel said he would go and see Mr. Hall; he was not positive whether he and Hall come back or not; so far as he knew Warfel was acting under the advice of his attorney in the matter; the return day of the execution was

December 29, 1890 ; it was returned December 30, 1890 ; that was after the return day ; there was an alteration made in the date of the summons, a change in date ; he did not authorize the change ; didn't see the constable after he issued it until he returned it; would say the alteration is in John S. Warfel's writing ; sent the summons to him by mail ; there was nothing but the summons in the envelope (shown execution), with the return thereon ; the transcript and return were made by him to the court; when the summons was returned he accepted it as returned and went on with the hearing. . . .

" Here then we have a judgment entered before and by an alderman of the city of Lancaster, on its face apparently correct, an execution regularly issued upon it by the same alderman, delivered to and in the hands of the constable, a levy made by him and time fixed for sale of the personal property levied on, then a writ of certiorari, issued by the defendant in the judgment and served upon the alderman, who wrote to the constable, the constable came to the office of the alderman, who told him of the issuing and service of the certiorari, and at the same time told him he understood from the attorney that the bail was not sufficient, and the constable said he would go to see his counsel, and, so far as the alderman knew, the constable was acting under the advice of his attorney in the matter. The alderman did not recall the execution, did not issue a supersedeas, did not demand the writ of execution from the constable, did not tell him he should not sell under and by virtue of it ; he permitted him to retain the writ of execution, to make sale under it, and accepted the return made by the constable after fully executing the writ, and received the money made by the sale, being the amount due on the judgment before him with costs. Should this rule be made absolute ?

" As we have seen, J. S. Warfel, the constable, had in his hands and was acting under a warrant, a writ of execution, issued and directed to him by Alderman Halbach, who had authority to issue the same, and it is not alleged nor proven that it was not in proper and legal form. No demand was made, by the party intending to bring this suit, of the constable, of a perusal or copy of the warrant or execution at any time before bringing the suit.

" The act of March 21, 1772, § 6, 1 Sm. L. 365 ; Purd. 322,

pl. 38, declares that 'no action shall be brought against any constable or officer, or any person or persons acting by his or their order, and in his aid, for anything done in obedience to any warrant under the hand and seal of any justice of the peace, until demand hath been made or left at the usual place of his abode by the party or parties intending to bring such action, or by his, her or their attorney or agent, in writing, signed by the party demanding the same, of the perusal and copy of such warrant duly certified under his hand, and the same hath been neglected or refused for the space of six days after such demand; and in case after such demand and compliance therewith, by showing the said warrant and giving a copy thereof, certified as aforesaid, to the party demanding the same, any action shall be brought against such constable, or other person or persons acting in his aid, for any such cause as aforesaid, without making such justice or justices who signed or sealed the said warrant, defendant or defendants. On producing and proving such warrant, at the trial of such action, the jury shall give their verdict for the defendant or defendants, notwithstanding any defect or defects of jurisdiction in such justice or justices; and if such action be brought jointly against such justice or justices, and also against such constable or other officer, or person or persons acting in his or their aid as aforesaid, then, on proof of such warrant, the jury shall find for such constable or other officer and person or persons so acting as aforesaid, notwithstanding such defects of jurisdiction as aforesaid; and if the verdict shall be given against the justice or justices, in such case, the plaintiff or plaintiffs shall recover his, her or their costs against him or them, to be taxed in such manner, by the proper officer, as to include such costs as such plaintiff or plaintiffs are liable to pay to such defendant or defendants for whom such verdict shall be found as aforesaid.' In this case the plaintiff proved that the constable was acting in obedience to a warrant, or writ of execution, issued upon a judgment rendered by a justice, who had authority to render judgments and issue executions, by calling the alderman, and having him identify the execution issued by him, under and in obedience to which the constable was acting, and one of the allegations in his statement is, that the constable acted in obedience to an execution issued by Jacob Halbach, an alderman of Lancaster city, Pa.

"In Jones v. Hughes et al., 5 S. & R. 299, (see also Wise v. Wills, 2 Rawle, 213,) it was held that where a magistrate has general jurisdiction over the subject-matter, and intends to act as a magistrate, but mistakes the law, he is entitled to notice previous to the commencement of a suit against him for an illegal act. . . . And if a person acting as a constable is sued jointly with the magistrate, he must be acquitted, if he has pursued his warrant.

"In Varley v. Zahn, 11 S. & R. 185, TILGHMAN, C. J. (Lancaster county case), it was held that if an execution issued by a magistrate having a right to issue it be served by a constable whose authority does not extend to the district in which the defendant resides, no suit can be maintained against the constable for an alleged trespass in executing the writ unless a copy of it be previously demanded, agreeably to section 6 of the act of 21st March, 1772. The defendant was an acting constable; Alderman Carpenter, who had authority to issue a warrant to any part of the county of Lancaster, directed his warrant to him to levy on the goods of the plaintiff. If there was anything wrong in this, the alderman was to answer for it. The defendant had a right to insist on his being made a co-defendant, and then, on proving the warrant, the constable would have been entitled to a verdict.

"In Bassett v. Walker, 3 Pa. C. C. R. 183, that in an action of trespass against a constable for refusing to allow the exemption under the act of April 9, 1849, the justice having indorsed on the writ 'hereon allow no exemption,' the constable is entitled to the notice required by the act of 21st March, 1772, before suit brought; and unless demand for copy of warrant be made upon the constable no recovery can be had against him.

"In Leonard v. Dillon, 76 Pa. 44, per cur., that the execution being regular on its face, and the justice having jurisdiction, the constable was protected by the writ, notwithstanding the judgment before the justice was superseded by an appeal. The mistake, or even the willful wrong of the justice in issuing the execution, reciting the superseded judgment as in full force, could not affect the constable, who could know nothing except what he saw on the face of his writ. Having an execution regular in all appearance, he cannot be placed in the embarrassing position of refusing to execute it by a mere notice from the

·defendant that he has taken an appeal. The only notice the ·officer is bound to regard is one proceeding from the same authority that issued the writ. It is the province of the justice to determine whether the appeal is regularly taken, and, if so, to countermand the execution if he have issued it. The constable having no authoritative notice of the appeal, was protected by his writ. This is according to the current of decisions in this state, and is essential to the protection of officers proceeding bona fide in the execution of their duties.

" In Barr v. Boyles, 96 Pa. 31 (see the cases cited in this case), that a constable is protected by his writ if regular in form, and containing nothing on its face to indicate a want of jurisdiction on the part of the justice who issued it—when such an execution is directed to the constable, and placed in his hands, it is sufficient to protect him in duly executing it according to its commands. He is not required to examine the record to ascertain whether the justice had jurisdiction, and whether the proceedings are all regular; the apparent regularity, and presumed jurisdiction, as evidenced by the execution, not only protect him in its due execution, but make it his duty to proceed to execute the writ.

. " J. S. Warfel, the constable, was acting in obedience to the warrant or writ of execution given him by the alderman, and, therefore, not within the provisions of the act of 20th March, 1810, Purd. 320, pl. 24, which declares that any constable who has, or may hereafter, give security agreeably to law, for the faithful performance of the duties of his office, and afterwards, on neglecting or refusing to perform such duties, shall have judgment rendered against him for such neglect or refusal, and, on being prosecuted for the recovery of such judgment, becomes insolvent, abandons his country, or from any other reason it becomes impracticable for such judgment or judgments to be recovered from such constable as aforesaid, or where a constable makes such default and abandons his country before judgments are had against him, then, and in such cases only, the justice before whom the judgment or judgments stand unpaid shall be and is hereby authorized and empowered to issue a scire facias and proceed against such bail for the recovery of judgments, had, as aforesaid, in the manner that constables are now suable, saving only the right to appeal to such sureties. The jurisdic-

tion of a justice to proceed by scire facias against the bail of a delinquent constable under the 19th section of act of March 20, 1810, is not taken away by the third section of the act of 29th March, 1824; the jurisdiction of the justice and court of common pleas is concurrent. It was under this act that Palmer v. Commonwealth, 6 S. & R. 245; Campbell v. Commonwealth for use etc., 8'S. & R. 414, cited by counsel for plaintiff, were instituted and decided. The case of Lantz v. Lutz, 8 Pa. 405, cited by him, has been overruled in part, in Booz v. Enjarman, 18 Pa. 263, and Downing v. Com., 21 Pa. 215.

" The plaintiff having proved, as he declared, that J. S. Warfel, the constable, in doing what he charges him with having done, was acting under and by authority of a warrant, to the form of which no objection is made, issued by an alderman duly authorized to enter judgment and issue executions such as he issued in this case, no notice having been shown to have been given, as required by the act of 1810 hereinbefore referred to, the court, instead of entering a judgment of nonsuit, without proceeding further, might have directed the jury to render a verdict for defendants. The constable being protected by the warrant, his surety was also protected; no verdict could have been rendered against him. We see no reason for striking off the judgment of nonsuit, and therefore discharge the above rule. Rule dischared."

*Error assigned* was refusal to take off nonsuit.

B. F. *Davis*, for appellant, cited: Grace v. Mitchell, 31 Wis. 533; Murfree on Sheriffs, § 104; Newburg & Goldsmith v. Munshower, 29 Ohio, 617; McKee v. Thompson, Add. 24; Gilbert v. Henck, 30 Pa. 205; Campbell v. Com., 8 S. & R. 414; Palmer v. Com., 6 S. & R. 244.

*N. J. Hall* and *J. Hay Brown*, B. F. *Eshleman* with them, for appellee, referred to opinion of court below for their argument.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 2, 1893:

This action of assumpsit, founded on the official bond of the defendant, J. S. Warfel, constable of Leacock township, was brought against him and his bail, to recover damages alleged to

have been sustained by the use plaintiff in consequence of alleged illegal acts done by said Warfel while claiming to act as such constable under and by virtue of an execution issued by Alderman Halbach, etc.

All the material facts of the case, including the issue presented by the pleadings, the testimony introduced by the plaintiff, etc., are so fully presented by the learned president of the common pleas, in his opinion refusing to take off the judgment of nonsuit, that special reference to them is unnecessary. The assigned breaches of said bond are substantially as follows: that upon an execution against the use plaintiff, the constable entered said plaintiff's premises, levied upon and afterwards sold certain personal property; that "said execution, levy and sale were unlawful and illegal, said execution having been issued by Jacob Halbach, an alderman of Lancaster city, on December 9, 1890, upon a void judgment entered before said alderman on November 17, 1890," etc.; that on December 29, 1890, a writ of certiorari was issued for the removal of all proceedings on said judgment and execution into the common pleas, and notice thereof was given to said alderman and constable; but, notwithstanding that, the latter proceeded and sold the property on which he had previously levied; that the return day of said execution was December 29, 1890, and no return thereof was made until the following day; and that said constable altered the return day of the summons in the original case from the 15th to the 17th day of November, 1890, on which last mentioned day the judgment aforesaid was entered, etc.

The only testimony that could in any event be properly regarded as proof of damage, to the use plaintiff, is that relating to the levy and sale of his personal property on the execution referred to. There is no competent evidence to warrant the jury in finding that he was injured by any other act of the defendant constable. The alleged alteration of the summons was a matter between the alderman and his officer. The former recognized the 17th of November as the proper return day, by proceeding to hearing and judgment at that time. The summons having been served on the present use plaintiff, there was nothing to prevent him from then appearing and making any objection, or interposing any defence he may have had. But he chose to disregard the summons, and judgment went against

him by default. The presumption is that he had no defence, either technical or meritorious, and therefore he stood aloof. As to the certiorari, it was the duty of the plaintiff therein to appear before the alderman, satisfy him that he was entitled to stay of execution and demand that the writ be recalled. If he had done so, non constat that the execution would not have been recalled.

It was not questioned that, at the time of the levy and sale, the constable had in his hands an execution, issued by competent authority, commanding him to do just what was done. Indeed, the plaintiff called the alderman, and proved by him that it was issued on a judgment entered by himself against the beneficial plaintiff, and was placed in the hands of Warfel to be executed; and that, on the day after the sale, it was returned by him, " money made," etc. In short, it was conclusively shown by the plaintiff that the levy and sale, of which he complained, were made under and by virtue of the execution so is sued by one authorized to issue such writs, and that it remained in the constable's hands until it was fully executed. In view of these facts, it was claimed by defendants that the constable, instead of being sued on the very day of the sale, was entitled to the protection accorded him by the act of March 21, 1772, sect. 6; 1 Purd. 322, pl. 38. That act declares, " No action shall be brought against any constable or officer, or any person or persons acting by his or their order and in his aid, for anything done in obedience to any warrant under the hand and seal of any justice of the peace, until demand hath been made, or left at the usual place of his abode . . . . of the perusal and copy of such warrant, duly certified under his hand, and the same hath been neglected or refused for the space of six days after such demand," etc.

In all cases within the purview of the act, the demand referred to must be made, and neglected or refused for six days thereafter. These conditions are absolute and imperative. They are precedent to the right of action, and necessarily essential thereto. Aside from everything else that may be supposed to be in this case, the neglect of the plaintiff to make the demand required by the act, was necessarily fatal to his right to a verdict, and the court was clearly right in refusing to take off the judgment of nonsuit. This is conclusively shown in the

clear and exhaustive opinion of the learned president of the court, in which the authorities are cited and sufficiently commented on. Further elaboration would be useless.

Judgment affirmed.