Opinion by
Head, J.,
It is important to keep in mind the precise facts which have been established by the verdict of the jury. The testimony delivered at the trial has not been printed in the paper-books, but the printing of it has been rendered unnecessary by a stipulation signed by counsel for both parties which has been made part of the record. From this stipulation it appears that the testimony offered by the plaintiff and her witnesses tended to establish the following facts: A judgment had been rendered against her in a suit before a magistrate and an execution was issued thereon. There is no complaint as to the regularity, of this judgment nor of the execution which followed it. When the constable, to whom the execution was addressed, received it, it became his duty to levy upon a sufficient amount of the personal property, of the defendant therein named, to make the amount of his judgment and costs; *390 and in doing so to proceed according to the well-established forms and requirements of the law in such cases. Instead of doing this, 'it appears that he proceeded to make a levy, appraisement and sale all on the same day; that the goods levied upon and sold were of the value of upwards of 11,200, and that by collusion between him and the two appraisers who became the purchasers, a bogus sale was conducted and the goods of the defendant in the writ, of the value aforesaid, were purchased by them for about $130; that the constable did not advertise the sale and refused to' allow to the defendant in the writ the benefit of the $300 exemption act, although such exemption was claimed before the sale.
The stipulation further shows that the testimony produced by the appellant was in denial of all of these allegations, but the verdict of the jury necessarily establishes that the constable did the things complained of. No question is raised by this appeal as to the manner in which the learned trial judge submitted to the jury the several questions of fact as to which the evidence was conflicting. The sole ground upon which we are now asked to reverse the judgment is that before instituting the present action the plaintiff did not give the notice provided for by the act of March 21, 1772, 1 Sm. L. 364, in cases within its purview.
That statute declares that “No action shall be brought against any constable .... for anything done in obedience to any warrant under the hand and seal of any justice of the peace until demand hath been made .... by the party intending to bring such action demanding .... a copy of such warrant .... and the same hath been neglected and refused for the space of six d^ys after such demand.” It will at once be observed that the purpose of this act was to furnish some measure of protection to a constable for doing that which obedience to his writ required him to do. It was evidently in the legislative mind that it was too much to ask of a constable or other subordinate executive officer that he should, at *391 his peril, before undertaking to execute his writ, determine whether or not the magistrate who issued it had jurisdiction of the cause; whether the judgment finally rendered was the result of a proceeding in every way regular; whether or not it had been temporarily superseded by appeal or otherwise so that execution should be stayed, and other like questions. With all of these the constable had no concern, and it was thought proper that he should not be punished in damages in any case where the exhibition of his warrant would show that he had simply acted in obedience to it. In such case the responsibility for any wrong that resulted from his proper execution of his writ should be placed on the magistrate who issued it rather than upon the executive hand of the law, to wit, the constable who undertook to execute it according to its tenor and effect. The language of the statute shows that the reason of the notice therein provided was that, by the exhibition of his warrant, the constable could satisfy the party plaintiff that the injury complained of could not justly be ascribed to him.
Here there is no allegation that either the judgment or the execution was irregular or unauthorized. There is no objection to any act of the constable that would have legally followed from his receipt of his warrant. The gravamen of the complaint is that the officer, unmindful of the requirements of the law that regulate the discharge of his official duty, so conducted himself as to oppress and injure one when the proper discharge of his duty would have worked no injury. Where a constable receives a writ, regular on its face and founded on a good judgment, as in this case, and proceeds regularly to levy on and sell the personal property of a defendant to satisfy the demand of his writ, the defendant cannot be heard to complain that his property was sold, for less than its value. For this the officer would be in nowise responsible. But if the officer, armed with a writ, should commit an assault and battery upon the defendant named therein, how could he offer his warrant in justification of such an *392 act? How could it be argued that the legislature in such a case would require an injured party to first give the officer an opportunity to exhibit his warrant when it was clear that such exhibition could in nowise justify the act complained of? The construction of the statute indicated has been uniformly followed in the many Supreme Court decisions on the subject.
In Varley v. Zahn, 11 S. & R. 185, Tilghman, C. J., interpreting this statute and describing its legitimate scope, used this language: “The plaintiff contends that the defendant is not protected by this act, because he went out of his district to serve the warrant. But this is a misconstruction of the law. The defendant was an acting constable, and the alderman, who had authority to issue a warrant to any part of the county of Lancaster, directed his warrant to him, to levy on the goods of the plaintiff. If there was anything wrong in this, the aider-man was to answer for it. The defendant had a right to insist on his being made a codefendant, and then, on proving the warrant, the constable would have been entitled to a verdict.” In Com. v. Frailey, 69 Pa. 260, Agnew, J., says: “It is obvious that this suit is not one brought, in the language of the preamble of the Act of 1772, for any small and involuntary error in his proceeding, or tending to discourage him in the execution of his office.” In Barr v. Boyles, 96 Pa. 31, it was said by Mr. Justice Merger: “When an execution regular in form, and nothing on its face indicates want of jurisdiction in the justice, is directed to the constable and placed in his hands, it is sufficient to protect him in duly executing it according to its commands. He is not required to examine the record to ascertain whether the justice had jurisdiction and whether the proceedings are all regular.” Many cases are cited to support the construction of the statute thus indicated. In Com. v. Warfel, 157 Pa. 444, Chief Justice Sterrett thus stated the scope of the protective feature of the statute: “It was not questioned that, at the time of the levy and sale, the constable had *393 in his hands an execution, issued by competent authority, commanding him to do just what was done.” In Com. v. Yeisley, 6 Pa. Superior Ct. 273, President Judge Rice, after quoting the section of the statute here relied on, thus interprets it: “The purpose of this provision becomes plain when we look at the context. It was to protect constables in acts done in obedience to writs placed in their hands, notwithstanding a defect of jurisdiction in the justice or justices issuing them, and to inform the party aggrieved by such acts where to place the responsibility. The design of the section was to make the justice exclusively answerable for his own defaults. Where a constable has pursued his warrant, he can be affected with want of jurisdiction in the magistrate, only where he is sued alone, having, after a proper demand, refused for the space of six days to furnish a copy of the warrant.”
Applying the doctrine to be drawn from the language of the statute itself, as well as from all of these authorities, we think the conclusion plain that the only case within the purview of the statute, where the serving of the notice is a condition precedent to the writ to begin an action, is where the exhibition of the warrant furnishes a defense for the constable under the operation of the statute. But where the record in a case exhibits conduct of the officer which can in no way be justified on the ground that he has a warrant; where a jury has found, as in this case, that by collusion between the officer and other parties the property of a defendant has been destroyed and lost, it cannot be that such a case brings the officer within the protection of the statute and requires the injured party to do what would be a manifestly useless thing.
We are of the opinion that the learned court below could not with propriety have given a binding direction in favor of the defendant and could not therefore have entered judgment non obstante veredicto in his favor. The assignments of error are overruled.
Judgment affirmed.