## Miller v. Brink.

E. J. Thompson, for plaintiff.

S. D. Gettig and John J. Bower, for defendant.

FLEMING, P. J., April 17, 1930.—The defendant seeks a new trial and has assigned nine reasons in support thereof.

We feel that the fifth reason is a valid one and sufficient to merit the relief sought. We fell into grievous error in admitting the transcript of the justice of the peace, offered as plaintiff's Exhibit No. 1, without previously requiring such to be proven by the oath of the justice himself, and especially so since the justice was in the court room at the time the offer was made and could readily have been called to the stand.

It has long since been held that docket entries of a justice of the peace are admissible (Dennison v. Otis, 2 Rawle, 9; Harris v. Christian, 10 Pa. 233, 234; Com. v. Brown, 193 Pa. 507, 511); but a transcript, although certified by him, is not admissible (Katterman v. Stitzer, 7 Watts, 189, 191; Wolverton v. Com., 7 S. & R. 273, 275; Magee v. Scott, 32 Pa. 539, 540), unless proven by the oath of the justice himself: Hibbs v. Blair, 14 Pa. 413; Com. v. Montgomery, 2 Pa. 461; Kenderdine v. Ivins, 1 Phila. 25.

The admission of this transcript goes forcefully to the vital points of this controversy and, under our charge, could lead to no other verdict than a verdict for the plaintiff. It discloses an execution issued by the justice on Dec. 12, 1928, and no further entries. Nothing whatever appears thereon which would justify the defendant as constable in selling plaintiff's goods and chattels on Feb. 12, 1929; in fact, the transcript, per se, brands defendant as a trespasser clearly and conclusively. By no form of reasoning could it be said that the jury was not misled by its admission and the defendant prejudiced thereby. Its admission in evidence, without proof adduced by the oath of the justice issuing it, was clearly prejudicial error and we have no hesitancy in acknowledging such error and in taking prompt measures to correct it.

There appears to be no appreciable merit in the other reasons advanced, but in the light of what has already been said as to the fifth reason, further discussion is unnecessary.

And now, April 17, 1930, the motion of the defendant is allowed and a new trial is granted.