## Erhardt v. Salwen et al.

*Gerald G. Dolphin,* for plaintiff.
*L. M. Levy,* for defendants.

LEACH, P. J., January 18, 1943.—This is a suit by a constable to collect unpaid fees on judgments recovered by plaintiff before an alderman. The affidavit of defense sets forth an illegal custom of long standing, that plaintiffs do not pay fees unless the money is recovered on the alderman's judgment. This custom makes the alderman a party in interest with the plaintiff in suits, and is illegal.

The constable fees may be recovered by suit before the justice: Lyon et al. v. M'Manus, 4 Binn. 167; Harris v. Christian, 10 Pa. 233. Particularly in cases where there is a judgment of non pros the officer may recover. The plaintiff cannot complain of the constable for doing that which obedience to his writ requires him to do: Ford v. Campbell, 51 Pa. Superior Ct. 388; Barr et al. v. Boyles, 96 Pa. 31, 38.

However, the affidavit of defense does set forth the fact that the institution of the suits was unauthorized and plaintiff had no knowledge of the fact that such suits were instituted. If proven, this is a complete defense.

We might remark in passing that the costs in this particular case have been taxed in the transcript at the incredible sum of $35.50. The bill of costs which the alderman demands should be properly set forth as an addition to the transcript in this case, and proper proceedings should be instituted if the said costs are extortionate.

Now, January 18, 1943, rule to enter judgment for want of sufficient affidavit of defense is discharged.