## Sopko, Admx., v. Esslinger et al.

*Vosburg & Vosburg*, for plaintiff.

*Robert Robinson* and *Myron Pinkus*, for defendants.

EAGEN, J., May 17, 1943.—This is an action in assumpsit against a constable and his sureties. Plaintiffs allege that the defendant constable claiming to act by virtue of his office severely beat the plaintiffs causing them injury and damage. It is further alleged that suit was instituted against the constable to recover damages for this assault and battery to no. 550, January term, 1939, and upon a verdict recovered in favor of plaintiffs judgment was entered. This action seeks to recover from the official bond the amount of the judgment and verdict.

Defendants have filed an affidavit of defense raising questions of law saying substantially that no cause of action is pleaded that would permit recovery on the official bond.

Plaintiff's counsel have filed no brief with the court. An examination of the files of the action against the constable pleaded as the basis of this action discloses the record of the evidence of the trial was never recorded. Plaintiffs' statement of claim in that issue

made no allegation that defendant therein was sued for misconduct in his capacity as a constable. It discloses nothing except an action for damages suffered through an assault and battery by defendant in that case, Cyril Esslinger, as an individual. How a judgment recovered on such facts can now be recovered against the sureties of the constable in his official capacity does not appear to the court. Certainly sureties are not liable for personal actions of the constable. (See 57 C. J. 793.) The constable's bond required by the Act of April 15, 1834, P. L. 537, sec. 112, 13 PS §9, is concerned only with "the just and faithful discharge by the said constable of the duties of his office." There is nothing in the record of the case in which the judgment was obtained to indicate a violation in the course of official duty. If that judgment was recovered against the constable for misconduct of his official duties it would be conclusive against the sureties not only as to the misconduct but also as to the damages suffered. See Commonwealth ex rel. v. DeLuca, 131 Pa. Superior Ct. 451. The court cannot see how sureties can be concluded in this case by a judgment recovered in a case wherein there is nothing to manifest that its recovery was based upon misconduct in office. We seriously doubt, therefore, in view of the record if the judgment previously obtained can form the basis of any action against the sureties. In Commonwealth ex rel. v. Whitesides et al., 1 W. N. C. 508, in a case of very similar facts, it was held that a declaration which did not show how the assault took place and containing no averment that it took place in the course of official duty was bad on demurrer.

The action as pleaded is also defective in that the notice and demand required by the Act of March 21, 1772, 1 Sm. L. 364, sec. 6, 42 PS §1016, in proceedings against a constable, nowhere appears. See Commonwealth v. Warfel, 157 Pa. 444, and Commonwealth v. Ostendorf et al., 19 Dist. R. 18.

Now, therefore, May 17, 1943, the questions of law raised in the affidavit of defense are decided in favor of defendants. However, in order that no great injury shall be done, plaintiffs are allowed 15 days in which to file an amended statement of claim in order that if any cause of action does exist in this case it may be set forth.