## Downing *versus* Commonwealth.

1. The prosecutrix for fornication and bastardy, cannot maintain an action for the escape of the party accused, against an officer who took him in custody under a warrant.   Booz *v.* Engarman, 6 *Harris* 263, re-affirmed.
2. The case of Lantz *v.* Lutz, 8 *Barr* 405, is no authority to the contrary.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of debt in the name of the Commonwealth, for the use of Sarah J. Wright, *v.* J. S. Downing and J. Russell, on the official bond of Downing, as constable.   Plea, covenants performed with leave, &c.

Sarah J. Wright had made complaint against Rockey, for fornication and bastardy.   The warrant was delivered to Downing for execution; he arrested Rockey, but he was permitted to escape, and this action was brought to recover damages for permitting the escape.   On the trial it was contended on the part of the defendants, that the arrest being on mesne process; *case* was the proper form of action: 2 *Chitty's Pl.* 739; 4 *Black. Com.* 130; 1 *Chitty Crim. Law* 59; *McKinney's Am. M.* 226; 3 *Bacon* 419. On the part of the defendant it was offered to prove by parol testimony, that Rockey was insolvent at the time of his arrest, and has since been so.   Also that the plaintiff and Rockey compromised the matter by an agreement to become married.   This evidence was overruled.

The parties, however, never became married.

LONG, J., charged that the form of action was proper, and that damages could be recovered; not however for the maintenance of the child for seven years, as it might die, but such damage as the plaintiff in interest had sustained.

[Downing *v.* Commonwealth.]

January 28, 1852, verdict for $1000, the amount of the bond, and damages assessed for the plaintiff at $137, with six cents costs.

It was assigned for error, that the Court erred in instructing the jury that the action could be sustained. 2. In not allowing the defendant to prove the insolvency of Rockey. 3. In not allowing the defendant to prove that the prosecutrix and Rockey had compromised the matter by an agreement to become married; and that the prosecution under which Rockey was arrested, was in that manner agreed to be withdrawn. 4. In charging that in finding for the plaintiff the jury might find the amount of the bond, $1000, and then assess the damages which the plaintiff had sustained, it being alleged in the assignment that no damages were proven. 5. In taking the question of escape from the jury. 6. In not allowing the defendants to prove that Sarah J. Wright refused to appear against Rockey to prosecute her complaint, when he was under arrest.

*Ellmaker* and *Franklin*, for plaintiff in error. — It was contended that the action should have been *case;* or that if the form of action brought in this case be sustainable, the insolvency of the party escaping should have been allowed to be proved; as the cases in which such proof was disallowed, were decided on the ground that the execution was in law a *satisfaction of the debt;* 7 *Ser & R.* 278 ; 1 *Pa. Rep.* 94 ; 3 *Barr* 273.

2. In the case of Maurer *v.* Marshall, 9 *W. & Ser.* 69, it was decided that the prosecutrix had the right *to settle the complaint.*

That an action on the bond of the constable could not be sustained, was cited Booz *v.* Engarman, 6 *Harris* 263.

*Frazer*, for the defendant in error. — The form of action was correct. *Case* could not be maintained on the official bond. The party may sue the constable on his bond: 6 *Ser. & R.* 245.

There is no distinction between mesne and final process in criminal cases: 6 *Hill* 344, Clark *v.* Cleveland. The insolvency could not be proved by parol; no record of insolvency was offered: 1 *Barr* 503.

2. It was not offered to prove that the plaintiff agreed to withdraw the prosecution.

There was no offer to prove that after the arrest the prosecutrix was notified to appear and substantiate the charge. The charge was not denied.

In favor of the action was cited Lantz *v.* Lutz, 8 *Barr* 405.

The opinion of the Court was delivered, May 19, 1853, by

BLACK, C. J. — In Booz *v.* Engarman (6 *Harris* 263), we held that an action could not be sustained against a constable for the

[Downing v. Commonwealth.]

escape of a party who was arrested on a charge of fornication and bastardy; because (1) the prosecutrix can have no legal or vested interest in the proceeding until after sentence; (2) because it may be that the sentence, when it is pronounced, will not order the payment of any money to her; (3) because the wrong to her has been committed with her own consent, and is therefore *damnum absque injuria*; (4) because the ministerial officer in all criminal cases is in the service of the Commonwealth alone, and must perform his duty at the peril of an indictment for neglecting it; and (5) because it would be impolitic to place such process under the control of individuals.

We have reconsidered the subject, and we are not able to give an answer at all satisfactory to the reasons set forth in that opinion. It still seems to us that to sustain an action like this would be against principle and analogy.

It does not appear by the report of Booz v. Engarman, whether Lantz v. Lutz (8 *Barr* 405) was cited or not. But it is no authority on this point. The question was not raised either here or in the Court below. The right of the plaintiff to sustain the action was taken for granted. It was not contested by counsel. The whole defence was grounded on the act of 1772. The reference to this question, which Chief Justice GIBSON makes in his opinion, only shows that he saw the difficulty, not that he meant to solve it. It is not the duty of this Court to make assignments of error which the parties do not make for themselves, or to reverse a judgment for reasons which do not appear on the record to have been mentioned in the Common Pleas. If the right to maintain the action had been conceded in this case, as it was in Lantz v. Lutz, we would have affirmed the judgment. But the fact is otherwise. The point was fairly raised and erroneously decided.

Judgment reversed and *ven. fa. de novo* awarded.