# DANIEL S. JONES v. GEORGE F. GORDON.

124 263
135 280
124 263
e 27 SC ²564

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF PHILADEL-
PHIA COUNTY.

Argued January 25, 1889—Decided February 18, 1889.

1. Where a cause of action is such that under the rules of pleading at common law it will support a declaration in debt with a count in detinue, a statement of claim filed under the procedure act of May 25, 1887, P. L. 271, will entitle the plaintiff to judgment for want of a sufficient affidavit of defence.
2. A statement of claim filed under said act may by leave of court be amended after affidavit of defence is presented, and the court by rule or order may provide for the service of the same, as amended, and for judgment unless a sufficient affidavit of defence thereto be filed within such reasonable time as it may direct.
3. Where a legacy is bequeathed to executors to be paid to the treasurer for the time being of the benevolent fund of a church society, to be applied to the uses and purposes of said fund, the title thereto is in the society, and the treasurer, as the proper officer of the society for the time being, takes the right of actual possession only.
4. Wherefore, when the legacy has been paid over to the treasurer of said fund for the time being, the right of action to enforce payment of the same to his successor, when his term of office has expired, is not in the successor himself but in the society or corporation.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, Mc-
COLLUM and MITCHELL, JJ.

No. 219 July Term 1888, Sup. Ct.; court below, No. 763 June Term 1887, C. P. No. 3.

On August 13, 1887, George F. Gordon, trustee and treasurer of the Benevolent Fund, under the charge of the consistory of the Third Reformed Dutch church of Philadelphia, brought assumpsit against Daniel S. Jones, and on December 31st filed a statement wherein it was averred, in substance, as follows:

1. That since September 21, 1881, the plaintiff had been a deacon or elder and as such a member of the consistory of the Third Reformed Dutch church of Philadelphia, and, since November 6, 1882, the duly elected treasurer of the Benevolent

Statement of Facts.

Fund, a charitable foundation which had existed for many years.

2. That for many years prior to November 6, 1882, the defendant had been the treasurer of the consistory and of said fund, but on the election of the plaintiff as his successor, on that date, it became the duty of the defendant to deliver to plaintiff all moneys, books and accounts in his hands as treasurer or trustee of said fund.

3. That by the will of Mrs. Ann Hertzog, deceased, duly admitted to probate, it was provided as follows: " I give and bequeath unto my executors, the sum of $3,000, in trust to pay over the same unto the treasurer for the time being of the Benevolent Fund of the Third Reformed Church of Philadelphia, to be applied to the uses and purposes of said fund."

4. That the defendant, whilst he was treasurer of said fund, was authorized by a resolution of the consistory on March 15, 1869, to receive and receipt for the said legacy, that he received the same under said authority and still retained it, although the consistory and the plaintiff as said treasurer had frequently demanded payment of the same.

5. That at a meeting of the consistory held on November 21, 1886, it was resolved that the plaintiff be directed to demand and receive from the defendant the legacy with its accumulated interest, and an account of the same, together with the books and papers connected therewith, and that if he should decline to give an account and to pay over to the plaintiff, the latter should take the necessary legal steps to compel him, and that since said resolution payment had again been refused.

On January 16, 1888, an affidavit of defence was filed wherein the defendant averred:

1. That he was a member of the Third Reformed Dutch Church of Philadelphia and treasurer of the board of trustees of the corporation; that the Benevolent Fund of said church consisted of the contributions of the congregations, collected at stated periods, annually, for the board of domestic and foreign missions and the board of education of the Reformed Dutch Church, as required by the general synod; that the treasurer of the consistory had charge of these funds and reported annually to consistory and the consistory to the classis;

that by order of general synod all legacies were kept separate and not reported with these collections.

2. That plaintiff did not succeed defendant as treasurer of the Benevolent Fund, but one A. V. Helden did, who held the office until in 1886; that said A. V. Helden had requested the defendant to turn over to him the legacy of Mrs. Hertzog, but the request was declined by the advice of counsel, and the defendant had ever since held the fund as trustee thereof and had regularly paid the income arising therefrom to the boards of domestic and foreign missions and the board of education of said church, as required by the general synod, and that said income having thus been expended according to the terms of the will, the plaintiff, even if held to be entitled to the principal, under no circumstances could be entitled to the interest.

3. That the legacy hereinbefore referred to had been received by the defendant as treasurer of the corporation, and was invested, with the approval of the consistory and of the board of trustees of the church, in a bond and mortgage upon premises described and had so remained invested, and defendant had only said bond and mortgage as representing said legacy.

On March 17, 1888, the plaintiff by leave of court filed a supplemental statement of claim as an amendment to the statement of claim heretofore filed by him, which averred in substance :

1. That the said defendant, with the consent of the consistory, invested the said legacy received by him as treasurer of the Benevolent Fund in a certain bond and mortgage for $3,000 which was duly assigned to Daniel S. Jones and Henry J. Fox, trustees of the Benevolent Fund of said church ; that said Henry J. Fox had since then renounced his trusteeship and held himself willing to convey to the party entitled, and that defendant unjustly detained and withheld the same from the plaintiff, his successor in office as treasurer and trustee of said fund.

On May 7, 1888, the defendant filed an affidavit of defence to the claim made by this amended statement, setting forth, in addition to other facts averred in his former affidavits :

That the right of the plaintiff to act as a member of the consistory of said church was then being contested in the church courts, and that plaintiff had not been appointed trustee of the fund by any court and had given no security.

On May 26, 1888, the court, MITCHELL, J., upon a rule for judgment for want of a sufficient affidavit of defence, without opinion filed, made the following order:

And now, May 26, 1888, on motion of J. Rodman Paul, Esq., the court enter judgment in favor of the plaintiff against the defendant, for want of a sufficient affidavit of defence to plaintiff's supplemental statement of claim, that plaintiff do recover of defendant a certain mortgage for $3,000, dated . . . . and recorded . . . . . by Albert R. Baker to Henry J. Fox, upon premises situated at the northeast corner of Eleventh and Wallace streets, Philadelphia, together with the bond accompanying the same, and a certain assignment of the same to Henry J. Fox and Daniel S. Jones, trustees, dated . . . . . and recorded . . . . . of the value of the $3,000, together with the damages for the detention of the same or the said value thereof, together with legal interest thereon since January 1, 1869.

On July 19, 1888, a rule to amend the order of May 26th was made absolute and said order amended by striking out the words "with legal interest thereon since January 1, 1869," and inserting in lieu thereof the words "with damages for the detention," being the balance found due on an accounting by the defendant before the prothonotary, of his receipts and payments on account of the said mortgage since he has held the same, he producing proper vouchers for all payments made by order of the consistory, said account to be taken on or before the third Monday in September, 1888, otherwise execution to issue for full amount of interest received on said mortgage by the defendant since January 1, 1869.

Thereupon, the defendant took this writ, specifying that the court erred:

1. In entering judgment against the defendant.

2. In assessing as damages for detention, interest upon the bond and mortgage of $3,000, from January 1, 1869.

3. In entering judgment against the defendant for damages for detention of the said bond and mortgage.

4. In assessing damages for detention of the bond and mortgage.

Arguments.

*Mr. John G. Johnson* (with him *Mr. Francis A. Osbourn*), for the plaintiff in error:

The action was assumpsit, and rested upon an alleged refusal to pay over the legacy. On the filing of the first affidavit of defence, the plaintiff sought to change his action into detinue, and by a supplemental statement forced the defendant against his protest into making a second affidavit of defence.

I. There was then no right to enter judgment for want of a sufficient affidavit of defence.

1. The defendant could not be compelled to file two affidavits in one action, because of the filing of an amended statement. To permit this would be to encourage fishing statements of claim. As a pleading, the statement may be amended within the limits of the rules of pleading, but as a statement, required by §§ 4, 5, 6, of the act of May 25, 1887, P. L. 271, as a prerequisite to the right to an answer under oath, it cannot be amended after one affidavit of defence has been filed, so as to compel an additional sworn answer. The act contemplates but one statement, and certainly but one affidavit of defence.

2. The act of 1887 requires no affidavit of defence in an action of detinue. It abolishes the distinction between the various actions ex contractu, and between the various actions ex delicto, and directs that " all demands heretofore recoverable in debt, assumpsit or covenant shall hereafter be sued for and recoverable in one form of action to be called an action of assumpsit." The action of detinue is not an action of debt, assumpsit or covenant: 1 Chitty, Pl., 135–9. True, a count in detinue may be joined with one in debt. So a count in trover may be joined with one in case. But, despite the possibility of such joinder, detinue is a remedy entirely distinct from an action of debt, just as trover is an action distinct from one in case.

II. In any event, the court below had no right to enter judgment for want of an affidavit of defence for more than the delivery of the bond, mortgage and assignment.

III. The principle upon which the court below acted in fixing the value of the detained title papers and in assessing the damages was erroneous. There was no title in the defendant to the bond and mortgage, except as an express trustee, and if the plaintiff was the regularly constituted successor, the title

to the same vested in him by act of the law. Their value was what it would cost to replace them.

IV. If the action be treated as a proceeding for an account, it was properly to be brought in equity. There were receipts and disbursements by the defendant, the nature and amount of which were not for adjustment before the prothonotary as a proper tribunal.

V. There was no right in the plaintiff to maintain the action. The title to the legacy is in the church, and the suit should have been instituted by the church, not by the treasurer.

VI. No judgment should have been entered against the defendant for the interest on the bond and mortgage. It had been properly disbursed.

*Mr. A. Sydney Biddle* and *Mr. J. Rodman Paul*, for the defendant in error:

1. Under the old law the copy filed, which was equivalent to the present statement, had to be lodged in court within a limited time, two weeks after the return day. During this period the plaintiff was at liberty to amend his copy and to require an affidavit or a series of affidavits to it. It was only after the two weeks had expired that it was held too late to amend and to require another affidavit, since this in effect would prolong indefinitely the statutory period within which a complete and final copy of the instrument sued on must be filed. This was well stated by THAYER, P. J., in Jones v. Gibson, 3 W. N. 329.

2. Then came the procedure act of 1887, passed for the express purpose of facilitating the obtaining of a summary judgment in all cases of contract where a sufficient sworn defence was not filed by the defendant. Thus no limit of time is fixed by §§ 4, 5, 6, within which the plaintiff must file his statement. Whenever filed and served on the defendant an affidavit of ·defence is required within fifteen days. How can it be argued, therefore, that the statement as the substitute for the old copy cannot be amended at any time, since even the copy itself could always be amended before the two weeks expired? The right to amend at any time necessarily involves the right to demand an affidavit of defence sufficient to meet the statement as amended.

Arguments.

3. The action brought, as originally set forth, though called assumpsit under the procedure act of 1887, was really one of debt to recover a specific sum of money due by reason of a contractual relation. At common law the statement of claim would have been a declaration in debt. The supplemental statement filed by way of amendment had precisely the effect of adding a count in detinue to a declaration in debt, which was always permitted: 2 T. & H. Pr., §§ 1542, 1543. This right to combine detinue with debt arose from the history of these actions, which shows that detinue is no other than an action of debt in the detinet: 2 Reeves' History of the English Law, Finlanson's ed., 158. Moreover, the action of detinue is now classed as an action ex contractu : 2 T. & H. Pr., § 1538; Maynadier v. Duff, 4 Cranch C. C. 4.

4. In answer to the objection that the court had no right to assess the value of the bond and mortgage, it is only necessary to point out that the value of these papers was averred in the statement of claim to be $3,000, and the damage of the plaintiff by reason of the defendant's wrongful holding of these papers amounted to that sum. This averment was not denied by the defendant, and therefore stood unanswered on the record. Upon the uncontradicted statement, the court was fully authorized to find the value of the bond and mortgage at $3,000.

5. By his wrongful detention of this chattel the defendant has obviously deprived the plaintiff, his successor in office, first, of the interest on the mortgage received during the whole period of wrongful possession, and secondly, of any balance of interest remaining in defendant's hands, or collected by him and not properly disbursed during the period of rightful possession. This forms the measure of plaintiff's damage. The burden is on the defendant to discharge himself by showing any properly authorized disbursements of the income received during the whole period of his possession.

6. The answer of the defendant that he held the fund as trustee thereof and had regularly paid the income of it to the boards of domestic and foreign missions, etc., was entirely too vague and indefinite: McCracken v. The Congregation, 111 Pa. 106.

7. The recovery of the $3,000 mortgage, with the semi-

annual interest payments thereon, forms no such complicated matter of account as to require the peculiar machinery of a court of equity. And the suggestion that the treasurer of the corporation, and not of the Benevolent Fund, is entitled to the mortgage, is directly contradicted by the words of Mrs. Hertzog's will, which directs the legacy to be paid "unto the treasurer for the time being of the Benevolent Fund," etc.

OPINION, MR. JUSTICE WILLIAMS:

The judgment brought before us on this record was entered for want of a sufficient affidavit of defence. Three questions are raised, viz.: (1) Was an affidavit of defence required in this case? (2) If an affidavit was necessary, could a second or third affidavit be required upon an amendment by leave of court of the plaintiff's statement of his cause of action? (3) Was there a sufficient affidavit upon the record in this case?

The plaintiff's original statement disclosed a demand for a specific sum of money and the interest thereon, which before the procedure act of 1887, could have been recovered in an action of debt. The defendant set up the receipt of the money, as treasurer of the Benevolent Fund of the Third Reformed Dutch Church of Philadelphia, and its investment in a mortgage, in accordance with the purposes of the trust under which he held it. The plaintiff then filed by leave of court an amended statement claiming a right to have the mortgage delivered up to him. The plaintiff's statement of his claim was then in the same position that it would have been placed under the old system of pleading, if the narr had been in debt with an added count in detinue.

The first section of the act of 1887, provides as follows: "So far as relates to procedure, the distinctions heretofore existing between actions ex contractu be abolished and all demands heretofore recoverable in debt, assumpsit, or covenant, shall hereafter be sued for and recovered in one form of action to be called an action of assumpsit." If, therefore, the demand sued for could have been recovered in either of the actions named, it can be recovered in this; and, if recoverable in this action, an affidavit of defence can be required from the defendant.

It is very clear that the demand could have been recovered

in debt prior to the act of 1887, and that act should be liberally interpreted. The mischief to which it was directed was the distinctions between the forms of action ex contractu. The remedy provided is an abolition of such distinctions and a provision for the recovery, in one action, of all demands before recoverable in debt, covenant, or assumpsit. To what extent or for what purposes the action of detinue still survives, is not a question now before us, but wherever an action of debt would lie before 1887, there assumpsit will now lie.

The second question is equally free from difficulty. The act of 1887 authorizes the service of a copy of the plaintiff's claim on the defendant, and requires him to answer under oath. Amendments are liberally allowed in our practice. Where an amended statement has been filed with leave of the court it is competent for the court to make such order for personal service thereof, and for the defendant's reply, as the justice of the case may require. The plain purpose of the act of assembly is to reach the real point in dispute by the most direct road and in the most expeditious manner consistent with a due regard to the rights of the parties. We see no objection to such a construction as shall secure this purpose ; and we accordingly hold that the court allowing an amendment in the statement, may provide by rule or order for its actual service, and for judgment for want of a reply within such reasonable time as it may fix.

The subject of controversy in this case is a legacy in the will of Mrs. Ann Hertzog given in the following words: " I give and bequeath to my executors the sum of $3,000, in trust to pay over the same unto the treasurer for the time being of the Benevolent Fund of the Third Reformed Dutch Church of Philadelphia, to be applied to the uses and purposes of said fund." This legacy was to the church for use as part of its benevolent fund. Her executors were to pay it over to the treasurer who might be in office when the time for payment of the money came. The treasurer is charged with no duties or trusts under the will other than those which his office as treasurer of the Benevolent Fund imposed. It is to be paid to him as custodian of the fund for its owner, the church, and is " to be applied to the uses and purposes of said fund," as those uses and purposes may be indicated by the church.

This is the fair purport of the words employed by the testator. The church takes the title and the treasurer as the proper officer takes the actual possession. It is his duty to obey the directions of the organization whose servant he is, while his official term continues, and to turn over to his successor the books, papers, and moneys remaining in his hands. This was the duty of treasurer Jones, which he recognized as to all but the legacy of Mrs. Hertzog. He seems to have regarded himself as charged with such duties in regard to this fund as to entitle him to hold it notwithstanding the end of his term. The church directed his successor to institute proceedings for the recovery of it, and this he did in his own name, instead of the name of the church. But like his predecessor he has no title to the benevolent fund or any part of it. When it comes into the treasury he will by virtue of his office have the possession and care of it, subject to the control of the church authorities so long as he remains in office and no longer. Now the facts showing the ownership of the church and the want of title in the plaintiff were set out in the affidavits. It is true that the defendant set up a title in himself which he could not sustain upon the facts presented to the court, but it is equally true, and was equally evident on the record of the court below, that the plaintiff had no title on which a recovery could rest, and for the same reason, viz., that the church and not its treasurer was the owner. The plaintiff was not entitled to a judgment, therefore, and his motion should have been denied for the reason we have stated.

The judgment is therefore reversed, and a procedendo awarded.