Commonwealth of Pennsylvania ex rel. John T. Baldwin & Co. *v.* George Yeisley, Constable, and John R. Jeffries, Surety on his Official Bond, Appellants.

*Public officers—Constable's bonds—Cause of action for neglect.*

In an action of assumpsit on a constable's official bond a sufficient cause of action is disclosed where the breach alleged was that an execution was placed in the constable's hands by virtue of which he had made levy upon goods of the debtor which would have sold for more than enough to satisfy the execution but that he neglected and refused to sell them but made return " no goods found subject to levy and sale."

*Practice, C. P.—Amended statement and second rule for judgment.*

It is not error to permit a plaintiff to withdraw his original statement and to file another, averring the elements of damage with greater particularity and verified by affidavit as required by rules of court. No new cause of action being introduced such action is a proper exercise of the power to permit amendments. Nor is there error in granting a second rule for judgment after the defects in the original statement have been cured by amendment.

*Practice, C. P.— Suit on constable's bond demands affidavit of defense.*

An action on a constable's official bond conditioned for the performance of collateral acts or official duties is within the affidavit of defense act.

*Constables—When demand requisite under act of 1772.*

The written notice or demand required to be made by the Act of March 21, 1772, 1 Sm. L. 365, only applies where the constable acts in obedience to his warrant or writ; it has no application where the cause of action is based on his open contempt of and disobedience to his writ.

*Constable's bond—Proper entry of judgment—Power of court to control.*

While there may be force in the contention that in strict practice two judgments should be entered in a suit on a constable's bond, one in favor of the commonwealth for the amount of the bond and one in favor of the plaintiff for his damages, it does not appear that the constable has reason to complain that judgment was not entered for the penalty, and in any event the court would have power to correct the judgment so as to make it conform to the statute had the question been raised by the assignments of error.

Argued Nov. 10, 1897. Appeal, No. 156, Nov. T., 1896, by defendants, from judgment of C. P. Lancaster Co., Feb. T., 1896, No. 47, for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit on constable's bond.   Before BRUBAKER, J.

It appears from the record that this suit was brought on bond of Yeisley, one of the defendants, to recover for losses incident to his failure to execute a writ.   The record does not show that notice was given and demand made by plaintiffs in this case on the constable before suit was brought.   Plaintiffs moved for judgment for want of a sufficient affidavit of defense which was refused.   The court subsequently permitted plaintiffs to withdraw the statement and file an amended statement to conform to the rules of court.   After the amended statement was filed a second rule for judgment for want of an affidavit of defense was taken and subsequently made absolute and judgment entered for $151.60.   Defendants appealed.

*Errors assigned* were (1) In entering judgment, viz : " We now direct judgment to be entered for the plaintiffs for the sum of one hundred and fifty-one dollars and sixty cents ($151.60)." (2) In allowing plaintiffs to withdraw their statement filed April 18, 1896, and substitute in lieu thereof a second statement, filed June 4, 1896.   (3) In allowing a new or second statement to be filed by plaintiffs in lieu of their first statement, after the court discharged the rule for judgment on the first statement.   (4) In not discharging the rule for judgment granted on the second statement filed.   (5) In entering judgment on the statement, No. 2, filed, as there is not sufficient cause of action disclosed therein to warrant it.   (6) In holding that the defendants are required to file an affidavit of defense to prevent judgment from being entered against them under the Act of May 25, 1887, P. L. 271, for want of an affidavit of defense, the suit in this case being brought on a constable's official bond.   (7) In entering judgment against the defendants for the reason that no notice was given the constable, George Yeisley, one of the appellants, before this suit was brought, as required by the Act of March 21, 1772, sec. 6, 1 Sm. L. 365.

*J. W. Denlinger* and *A. J. Eberly,* for appellants.—It was error to allow the plaintiffs to move for judgment after amended statement had been filed.   The statement upon which the judgment was entered was deficient and did not warrant the entry of such judgment, in that judgment was asked to be entered for

the commonwealth for the use of Baldwin & Co. for the amount of their damages and not in favor of the commonwealth for the penal sum named in the bond which would accrue to all parties interested in said bond : Byrne v. Hayden, 124 Pa. 170.

An affidavit of defense is not required in actions on official bonds : Endlich on Affidavits of Defense, sec. 109 ; Com. v. Hoffman, 74 Pa. 105.

Judgment in this case must be reversed, because Yeisley, constable, one of the appellants, did not receive the notice he was entitled to before this suit was brought, under the act of March 21, 1772, sec. 6, 1 Sm. L. 365 ; Com. v. Warfel, 157 Pa. 444.

*A. F. Hostetter*, with him *W. F. Beyer*, for appellees.—Permitting the withdrawal of the statement and filing an amended statement was the proper exercise of the power of amendment : Waite v. Palmer, 78 Pa. 192 ; Lance v. Bonnell, 105 Pa. 46 ; Kay v. Fredrigal, 3 Pa. 221.

Nor is the fact that the court entered judgment for want of a sufficient affidavit of defense after having discharged a previous rule an abuse of discretion: Wetherill v. Stillman, 65 Pa. 105.

If an action sounds in contract its name is assumpsit and an affidavit of defense is required. The act of 1887 makes no exception as to official bonds : Bradley v. Potts, 33 W. N. C. 570.

The only seeming exception is in an action brought to recover statutory penalties : Osborn v. The Bank, 154 Pa. 134.

Our case, however, is not a penal action nor is it an action ex delicto. It is an action on the defendant's bond which is a contract and is for a breach of the covenant of that bond.

The precise objection made by the appellants that the law remains as it was before 1887 is met by the Supreme Court in Byrne v. Hayden, 124 Pa. 170.

The case at bar is not the kind of case covered by the act of 1772. It is manifest that the sixth section of that act is no protection where the warrant, if legal, would furnish no justification and this section has no place where the injury complained of arises from an act which was not commanded by the writ: Mollison v. Bowman, 3 Clarke, 183 ; Lantz v. Lutz, 8 Pa. 405.

OPINION BY RICE, P. J., January 18, 1898:

This was an action of assumpsit upon a constable's official bond. The breach alleged was that an execution having been placed in his hands by virtue of which he had made a levy upon goods of the debtor which would have sold for more than enough to satisfy the execution; he neglected and refused to sell them but falsely made return "no goods found subject to levy and sale." The action was in substance, as well as in form, ex contractu, and by the express terms of the act of 1887 the plaintiff's statement in such a case "shall be replied to by affidavit." There is nothing in the objection, that an action upon a bond conditioned for the performance of collateral acts or official duties, is not within the affidavit of defense law. If the statement contains all the ingredients of a complete cause of action, averred in clear and unequivocal language, and the damages are specifically set out, so that, upon a judgment by default, they may be liquidated with certainty, an affidavit must be filed to prevent judgment. See Byrne v. Hayden, 124 Pa. 170. The principle upon which Osborn v. First Nat. Bank, 154 Pa. 134 was decided has no application to a case like the present, and the other cases cited by the defendant's counsel were decided prior to the act of 1887, which, as was said in Byrne v. Hayden, was intended to have a wider scope than the old affidavit of defense law.

It was not error to permit the plaintiff to withdraw his original statement and to file another, averring the elements of his damages with greater particularity, and verified by affidavit as the rules of court required. No new cause of action was introduced. It was, in effect, a proper exercise of the power to permit amendments: Kay v. Fredrigal, 3 Pa. 221. Nor was there error in granting a second rule for judgment after the defects in the original statement had been cured by amendment: Wetherill v. Stillman, 65 Pa. 105.

The act of March 21, 1772, 1 Sm. L. 365, declares: "No action shall be brought against any constable . . . . for anything done in obedience to any warrant under the hand and seal of any justice of the peace, until demand hath been made, . . . . in writing, signed by the party demanding the same, of the perusal and copy of such warrant duly certified under his hand, and the same hath been neglected for the space of six days after such

demand." The purpose of this provision becomes plain when we look at the context. It was to protect constables in acts done in obedience to writs placed in their hands, notwithstanding a defect of jurisdiction in the justice or justices issuing them, and to inform the party aggrieved by such acts where to place the responsibility. The design of the section was to make the justice exclusively answerable for his own defaults. Where a constable has pursued his warrant, he can be affected with want of jurisdiction in the magistrate, only where he is sued alone, having, after a proper demand, refused for the space of six days to furnish a copy of the warrant: Jones v. Hughes, 5 S. & R. 299, 303; Barr v. Boyles, 96 Pa. 31, and cases there cited. If, however, the constable acted not in obedience to his warrant but in open contempt of it, of course he could not plead the warrant as a justification, and such a case is not within the letter or the spirit of the statute. This was expressly decided in Lantz v. Lutz, 8 Pa. 405, where the action was for an escape; and although it has been held since, that the action cannot be maintained by the prosecutrix in a criminal case and to that extent the case has been overruled (Downing v. Com., 21 Pa. 215) the principle for which we cite the case as authority has not been questioned in any later decision which has come to our notice. It is supported by the English decisions upon a precisely similar statute collected by Judge Lewis in Mollison v. Bowman, 3 Clark, 281. The case of Com. v. Warfel, 157 Pa. 444, is not an authority to the contrary. There the constable had in his hands an execution issued by competent authority commanding him to do just what was done. If proper demand had been made and complied with, the plaintiff would have seen that no action could be maintained against the constable, because he was protected by his writ in levying upon and selling the debtor's goods. Here the constable refused to obey the command of his writ, and for that he was exclusively liable. Undoubtedly, as the Chief Justice says, the demand must be made in all cases within the purview of the act; but this case was not within its purview.

The 29th section of the act of March 20, 1810, 5 Sm. L. 173, provided that constables' bonds should be "for the like purposes and uses for which sheriffs' bonds are usually given." Substantially the same provision was incorporated in the 112th section

of the Act of April 15, 1834, P. L. 557, and was interpreted to mean that the remedy should be the same as that upon sheriffs' bonds, which was regulated by the act of March 28, 1803, 4 Sm. L. 45. It was held upon a construction of these statutes that judgment was not to be entered for the penalty for the use of those interested but for the damages sustained by the party suing: Campbell v. The Commonwealth, 8 S. & R. 414. But the act of June 14, 1836, P. L. 637, applies in express terms to "every bond and obligation which shall be given to the commonwealth by any public officer," and it was said in McMicken v. Commonwealth, 58 Pa. 213, that "so much of the act of 1803 as relates to proceedings upon the official bond of the sheriff is no doubt supplied and therefore repealed by this act," but it was held not to be so as to the recognizance. There is therefore much force in the defendants' contention that in strict practice two judgments should have been entered, one in favor of the commonwealth for the amount of the bond, and the other in favor of the plaintiffs for their damages. It is not clear, however, what reason the defendants have to complain that judgment was not entered for the penalty, and upon a critical examination it will be seen that the assignments of error do not distinctly and unequivocally raise the objection. Even if they did, it would not be necessary to reverse the judgment; for we would have power to correct it so as to make it conform to the statute: Carman v. Noble, 9 Pa. 366, 372; Scarborough v. Thornton, 9 Pa. 451, 456; McMicken v. Commonwealth, 58 Pa. 213, 219; Act of June 24, 1895, sec. 8, P. L. 212.

Judgment affirmed.