## Moore *v.* Schmitt, Appellant.

*Affidavit of defense—Practice, C. P.—Receivers—Corporations—Order of court.*

·In an action by the receiver of a corporation on a written contract which expressly provided that the contract would not be valid unless ratified and confirmed by the court, where the statement of claim avers that the contract had been confirmed by the court, but does not set forth any record, order or decree showing the confirmation of the contract, an affidavit of defense is sufficient which specifically avers that the contract had not been confirmed. In such a case the defendant is not required to attach a copy of the record of the court to show that the contract had not been confirmed.

Argued March 6, 1911. Appeal, No. 17, March T., 1911, by defendants, from order of C. P. Luzerne Co., March T., 1909, No. 503, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John W. Moore, receiver for the Asphalt Paving Company of Georgia, v. John P. Schmitt and Joseph L. Dunn, individually and copartners as Schmitt & Dunn, and also trading sometimes as the Wilkes-Barre Asphalt Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit on a contract.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John McGahren,* with him *George McLaughlin,* for appellants.

*Wm. N. Reynolds, Jr.,* with him *Wm. N. Reynolds,* for appellee.

OPINION BY PORTER, J., May 17, 1911:

This is an appeal by the defendants from the action of the court below in making absolute a rule for judgment for want of a sufficient affidavit of defense.   The plaintiff filed a statement which based his alleged right to recover upon a contract in writing for the sale of certain machinery and tools.   The covenant of the written contract which it is here necessary to consider was in the following words, viz.: "The above agreement is expressly made subject to the condition that the Superior Court of Fulton county will ratify and confirm said sale, it being distinctly understood that said party of the first part has no authority to make said sale except upon order of the Superior Court of Fulton county."   The other provisions of the contract disclosed that the court referred to in this paragraph was the "Superior Court of Fulton County, in the State of Georgia."   The agreement related exclusively to the sale of property by the receiver of a corporation, the plaintiff, who, according to the express stipulation of the parties, had "no authority to make said sale except upon order of the Superior Court of Fulton County."   This lack of authority in the plaintiff to sell was the reason for introducing into the agreement the express covenant, above quoted, that the contract should be subject to the condition that it must be ratified by the court before it could become an obligation binding upon the parties. This action is brought upon the contract, not merely to recover the value of goods delivered in the absence of a specific contract or under an inchoate contract which had failed to become a binding obligation because the court withheld its approval, and it was necessary, therefore, for the plaintiff to aver, under the covenant in

question, that the contract had been ratified and the sale confirmed by the court.

The plaintiff recognized the necessity of averring that the contract had been ratified and the sale confirmed by the court and included in his statement the following allegation: "and which sale, as mentioned in the fourth paragraph of said contract was subsequently confirmed by the Superior Court of Fulton County, Georgia." The plaintiff did not attach to his statement a copy of any record, order or decree of the court, showing the confirmation of the sale, but contented himself with the naked allegation, above quoted, that the sale had been confirmed by the court. This mere averment of the statement was, upon this branch of the case, all that the defendants were required to answer in their affidavit, and the affidavit of defense distinctly met this averment by specifically stating that the superior court of Fulton county, Georgia, had not ratified the contract and confirmed the sale. The learned judge of the court below was of opinion that this direct and specific allegation that the contract had not been ratified by the superior court of Fulton county, Georgia, was insufficient, and that the defendants were required to go further and attach to their affidavit of defense a copy of the record of the court referred to, as the necessary legal evidence of the fact that the sale had not been confirmed by the court. The averment of the defendants did not involve an affirmation that the court had taken any action, it did not assert the existence of a record which relieved them from liability; what it did set up was that the plaintiff had failed to procure the decree of the court upon which his right to recover upon this contract depended. Had the plaintiff attached to and made part of his statement a copy of the record of the superior court of Fulton county, decreeing the confirmation of the sale, and had the affidavit of defense asserted that the court had in a later order rescinded that decree, it might then have been necessary for the defendants to attach to their affidavit of defense a properly

certified copy of the later decree upon which they based their defense.   There is nothing of that kind in this case; this affidavit of defense did not attempt to impeach a record which had been properly pleaded in the declaration of the plaintiff.   The plaintiff in his statement presented no record for the defendants to answer; having relied on his own bald statement as to a fact, he was not in position to demand that the defendants produce record evidence that the statement was not true.   The contract expressly provided that it should not become a binding obligation unless something was done in the future; the statement of plaintiff merely averred that the thing required had been done, and the defendants in their affidavit clearly and unequivocally denied that averment, which was all that they were required to do in order to prevent judgment for want of a sufficient affidavit of defense.

The judgment is reversed with a procedendo.