## McClurg v. Futer, Appellant.

*Practice, C. P.—Amending statement—Affidavit of defense—Rule for judgment.*

1. Where in an action on a written agreement, such agreement is not attached to the statement of claim, and the affidavit of defense calls attention to such omission, the court may permit the plaintiff to amend his statement by attaching a copy of the agreement to it; and if this amendment is allowed in open court, and in the presence of defendant's attorney, the defendant has sufficient notice of the amendment, and he may, if he desires, file a supplemental affidavit of defense; but if he fails to do so, although a rule for judgment on the original affidavit is taken and served upon him, he cannot complain of the court passing upon the original affidavit and entering judgment against him, if such affidavit is deemed insufficient.

*Contract—Agreement to sell land—Oral agreement—Representations of agent.*

2. Where a vendor agrees in writing to sell a city lot, and "all and

singular the buildings, improvements, rights, liberties and privileges with the appurtenances thereunto belonging," but without reference to any alley or sewer connection, the vendee cannot rescind the contract because of alleged representations of a real estate agent as to the alley and sewer connection, where no authority is shown in the agent to make such representation, and it is not asserted that these items were omitted from the agreement by fraud, accident or mistake.

Argued Nov. 13, 1912.   Appeal, No. 237, Oct. T., 1911, by defendant, from order of C. P. Lancaster Co., March Term, 1911, No. 18, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Clara E. McClurg v. J. E. Futer.   Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.   Affirmed.

Assumpsit for breach of a written agreement to purchase real estate.

Rule for judgment for want of a sufficient affidavit of defense.

Landis, P. J., filed the following opinion:

On October 7, 1910, an agreement was entered into between Clara E. McClurg and Frank R. McClurg, her husband, and J. E. Futer, the defendant, whereby the parties first named agreed to sell to the defendant a two-story brick dwelling and lot, situated at No. 46 South Duke street, in Lancaster city, for the sum of $2,600, $1,000 to be paid in cash and the balance to remain on the property secured by a mortgage, with interest at five per cent per annum, payable April 1, 1911.   Possession of the premises was to be given as soon as the deed was delivered, and the preparation of the deed was to be at the expense of the defendant.   On October 27, 1910, a deed, duly signed and acknowledged, was tendered to the defendant, but he refused to receive it and comply with the terms of his agreement, because he alleged that the agent of the plaintiff represented to him that there was a common alley on the rear of the premises, three feet in width, whereas

an examination of the premises revealed the fact that there was no such alley according to the deeds in the chain of title; that the alley in the rear had been closed up for a number of years, and there was no right of ingress, egress or regress thereto from Vine street to the said premises. It was also objected that Mr. Herr, at the time of the making of the agreement, represented that there was a sewer connection from the house to the city sewer, whereas, in fact there is no such connection, and that it would cost about $150 to make one.

After the tender of the deed to Futer, he was notified by the plaintiff that, unless he complied with his agreement, the premises would be sold, and he would be held responsible for the loss, and, as he again refused to take the property, the plaintiff did expose the same at public sale, and sold it for the sum of $2,400. She, therefore, has brought this suit to recover $200 of the purchase price which she alleges she lost by reason of his failure to comply with his agreement, and also the costs of advertising, $12.75, the cost of the auctioneer, $5.00, the cost of holding the sale at a hotel, $1.00, and also $3.00, the amount paid for preparing the deed, which, under the agreement, Futer should have paid. The total amount claimed is, therefore, $221.75, with interest.

[The agreement was in writing and was signed by the plaintiff and her husband as the principal and not by Mr. Herr as agent for them. It covers not only the lot, but also "all and singular the buildings, improvements, rights, liberties and privileges, with the appurtenances thereunto belonging." There is no specific mention in it of an alley or a city sewer connection. The affidavit of defense does not contain any allegation that the plaintiff made any representation to him that there was an alley and sewer connection attached to the property, nor is it asserted that these items were omitted from the agreement by fraud, accident or mistake. He avers that he was to have the property clear of all incumbrances, and a good marketable title, and so far as we can see, that is what was ten-

dered to him. That there was no alley and no sewer did not affect the title. [2]

In Phillips v. Meily, 106 Pa. 536, it was decided that "parol evidence is not admissible to contradict or vary written instruments, unless (1) there has been fraud, accident or mistake in the creation of the instrument itself, or (2) unless there has been an attempt to make a fraudulent use of the instrument in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed." This rule, however, has not at all times been enforced according to its literal wording, for in Gandy v. Weckerly, 220 Pa. 285, it was held that "where a person is induced by a contemporaneous parol promise to sign a promissory note which he would not have signed, except for the promise, a subsequent breach of the promise is a fraud upon his rights, and he may set up the breach as a defense to the note and prove the promise by parol evidence;" and in Faux v. Fitler, 223 Pa. 568, it was also held that, "In an action on promissory notes, an affidavit of defense is sufficient which avers that the defendant, the maker, was induced to sign the notes by a contemporaneous agreement on the part of the plaintiff, the payee, that, if losses should occur to an amount named in a partnership between the parties, the note should not be enforced, and that such losses had in fact been made." But it will be observed that it is not here alleged that the plaintiff made any misrepresentation concerning either the alley or the sewer. She and her husband signed the agreement as written without any additional promise on her part. The misstatement, if any there was, was made by Mr. Herr, the agent having the property for sale, and while it is asserted that the articles of agreement were entered into by the defendant with Mr. Herr, an inspection of the paper as admitted shows that the plaintiff and her husband signed the agreement, and not Mr. Herr for them. No authority is claimed in the affidavit of defense whereby Herr, for the plaintiff, had any right to make any statement what-

ever concerning the real estate so as to bind his principal. That being the case, proof of what he represented could not affect the writing, and we, therefore, think no sufficient defense has been presented.

The rule is accordingly made absolute and judgment is now entered in favor of the plaintiff for the amount of the claim with interest, viz., $231.15.

*Errors assigned* were as follows:

1. The court erred in making the rule for judgment absolute.

2. The court erred in the paragraph of the opinion above bracketed.

3. The court below had no power to enter judgment for want of sufficient affidavit of defense after the plaintiff had filed his statement and an affidavit of defense had been filed thereto which set up a complete defense, and after the affidavit of defense having been filed, the plaintiff amended his statement by adding thereto a copy of the agreement in suit, and no second statement with the amendment thereto having been served upon the defendant.

4. There could be no judgment entered for want of an affidavit of defense, after a sufficient affidavit of defense was filed to the original statement, upon an amended statement, without an order of court to file an affidavit of defense.

*B. F. Davis*, for appellant.

*C. Reese Eaby*, for appellee.

OPINION BY RICE, P. J., February 27, 1913:

In this action of assumpsit the plaintiff declared on a written agreement for the sale of real estate. Her statement of claim set forth quite fully the substance of the agreement and recited that a copy of it was attached, but, through inadvertence, apparently, the copy was not

attached. The defendant filed an affidavit of defense, in which, after setting forth fully his defense on the merits, he suggested that the plaintiff's statement was not self-supporting and was defective, in that a copy of the agreement was not attached. Afterward, by leave of court, the plaintiff amended by filing a copy of the agreement. The record shows that the defendant's attorney was present at the bar of the court when the amendment was allowed and the copy filed, but does not show that he objected to this ruling. On May 11, 1911, the plaintiff moved for judgment, and, in support of his motion, filed "assignments of insufficiency" of the affidavit. Thereupon the court granted a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense, and a copy of the rule and of the assignments was delivered to the defendant's attorney on the same day. Four months later the rule to show cause was argued, and subsequently, by an opinion filed, the court held the affidavit to be insufficient, made the rule absolute, and entered judgment for the plaintiff. So far as the merits of the defense are concerned, we concur in the conclusion and the reasoning in support thereof which are set forth in the opinion of Judge Landis.

But a question of procedure is raised which is not discussed in his opinion. If it was raised on the hearing of the rule to show cause, after the copy of the agreement was filed, the record does not show it. There can be no doubt of the propriety of the amendment. It did not change the cause of action, nor introduce any new matter as additional ground of recovery, nor change the averments of the claim in any particular whatever. True, the requirement of the act of May 25, 1887, P. L. 271, that the statement shall be accompanied by a copy of the agreement sued on, was not originally complied with, and, therefore, the defendant could not have been compelled to file an affidavit of defense till it was complied with: Acme Mfg. Co. *v.* Reed, 181 Pa. 382. Although in his affidavit of defense the defendant suggested this omission, and, therefore, cannot

be said to have waived it, he nevertheless set up his defense on the merits, and apparently had no difficulty in doing so. It was held in Wetherill v. Stillman, 65 Pa. 105, which was followed by this court in Com. v. Yeisley, 6 Pa. Superior Ct. 273, that it is not error to grant a second rule for judgment after defects in the original statement have been cured by amendment. It is equally clear that the fact that an affidavit of defense was sufficient to prevent judgment as the record stood when it was filed, will not preclude a motion for judgment after the record has been amended. But in such case the defendant must have notice of the fact and substance of the amendment, and notice and an opportunity to file a new or supplemental affidavit if he so desires. In Jones v. Gordon, 124 Pa. 263, Mr. Justice WILLIAMS said: "Where an amended statement has been filed with leave of the court it is competent for the court to make such order for personal service thereof, and for the defendant's reply, as the justice of the case may require. The plain purpose of the act of assembly is to reach the real point in dispute by the most direct road and in the most expeditious manner consistent with a due regard to the rights of the parties. We see no objection to such a construction as shall secure this purpose; and we accordingly hold that the court allowing an amendment in the statement, may provide by rule or order for its actual service, and for judgment for want of a reply within such reasonable time as it may fix." Here, it is undisputed that the original statement was served, and that the defendant, by his attorney, was present at the bar of the court when the amendment was allowed and the copy filed. It would have been a useless formality to serve another copy of the statement, and a copy of the copy of the agreement that was filed in the very presence of the attorney and presumably with his knowledge of its contents. It is to be observed in this connection that the act of 1887 does not require service of the statement in all cases, but that where it is filed after the return day, and the defendant

is notified thereof, judgment may be entered against him unless he shall file a sufficient affidavit of defense within fifteen days after being so notified. As has been seen, the defendant had sufficient notice of the filing of the copy and its contents. Further, he was given ample time to file a new or supplemental affidavit of defense, and the service of the rule to show cause was sufficient notice to him that, if such was not filed, the case would be disposed of upon the original affidavit, and in the light of the fact that the requirement of the statute as to the filing of a copy of the agreement had been complied with. The fair inference is that he was willing to rest on that affidavit and had nothing further to add to it. At any rate, the course pursued by the court fully protected his rights and was justified by the peculiar circumstances of the case. So far as the essentials of the rule of practice suggested by Justice WILLIAMS are concerned, they were substantially complied with by the procedure pursued in the present case.

All the assignments of error are overruled and the judgment is affirmed.