## Moore *v.* Schmidt, Appellant.

*Practice, C. P. — Amendment — Amended statement — Supplemental affidavit of defense.*

Where the court makes an order permitting an amendment to a statement, it may order a supplemental affidavit of defense to be filed, but it cannot compel the defendant to file such affidavit. The defendant may elect to stand upon his original affidavit, and this on the second or third rules for judgment; if the defendant so elects, he may require the court to pass upon the sufficiency of the original affidavit in connection with the amended statement as filed.

*Receivers—Foreign corporation—Statement of claim—Affidavit of defense—Record of foreign judgment.*

In an action by a receiver of a foreign corporation where the

statement of claim sets forth a full and complete record of the foreign court showing the receiver's appointment and his authority to bring the suit, an affidavit of defense is insufficient, which contains a mere general averment that the record did not exist, or that it did not show authority to bring the suit. If the record is fraudulent it should be so averred and facts stated to sustain the averment. If no such record existed, or no such receiver existed, the record as it did exist should have been obtained and filed as a part of the defense.

Argued March 1, 1915.  Appeal, No. 2, March T., 1915, by defendants, from order of C. P. Luzerne Co., March T., 1909, No. 503, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John W. Moore, Receiver of the Asphalt Paving Co., of Georgia, v. John P. Schmidt and Joseph L. Dunn, Individually and Co-partners as Schmidt & Dunn and also trading sometimes as the Wilkes Barre Asphalt Company.  Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.  Affirmed.

Assumpsit to recover the price of certain machinery sold and delivered by the receiver to the defendants.

The amended statement set forth the record of the Superior Court of Georgia showing the appointment of plaintiff as receiver, and authority to make the sale in question.

The amended affidavit of defense after averring delay in the shipment and defects in the machinery further averred as follows:

"It was stipulated and agreed in the fourth paragraph of the written contract for the purchase of said asphalt plant and machinery that the title to the same should not vest in the defendants above named until said sale was ratified and confirmed by the Superior Court of Fulton County, Georgia.  And the said plaintiff agreed that he would procure an order from the said court confirming and ratifying said sale, and thereby vest the title to said property in the defendants.  But he has failed and neg-

444 MOORE *v.* SCHMIDT, Appellant.

Statement of Facts—Opinion of the Court. [60 .Pa. Superior Ct.

lected to keep his promise in this respect, although the defendants have already paid the said plaintiff on account of said asphalt plant and machinery the sum of forty-two hundred 'dollars ($4,200). Your deponent, therefore, demands a rescission of the said contract made with the plaintiff as aforesaid for his failure to comply with the contract according to promise and agreement, viz: to secure the confirmation of the same by the Superior Court of Fulton County, Georgia, and declares the willingness of the said defendants to return the said asphalt plant and machinery to the said plaintiff upon the refunding of the defendants the sum of forty-two hundred dollars ($4,200) paid to him as aforesaid."

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John McGahren,* with him *R. B. Alexander,* for appellants.—The authorities are against the right of the court to enforce an order to file a supplemental affidavit of defense: Laird v. Campbell, 8 W. N. C. 134; Hill v. Gaw, 4 Pa. 493.

The affidavit of defense was sufficient: Seldin v. Neemes, 43 Pa. 421; Andrews v. Blue Ridge Packing Co., 206 Pa. 370; Hardwick v. Pollock, 15 Pa. C. C. R. 161; Musser v. Stauffer, 178 Pa. 99; Allegheny City v. McCaffrey, 131 Pa. 137; Hutton v. McLaughlin, 1 Pa. Superior Ct. 642; Werner v. Gross, 174 Pa. 622; Lurch v. Lerch Hardware Co. First Natl. Bank, 16 W. N. C. 104; Hunter v. Reilly, 36 Pa. 509; McPherson v. Allegheny Nat. Bank, 96 Pa. 135; Bronson v. Silverman, 77 Pa. 94; Bryson v. The Soldiers' Home, 168 Pa. 352.

No printed brief for appellee.

OPINION BY KEPHART, J., July 21, 1915:

When this case was brought here on an appeal from the entry of judgment for want of a sufficient affidavit

of defense, we held that the plaintiff's statement, containing a simple allegation of fact, was answered by a denial of the fact: Moore v. Schmidt, 46 Pa. Superior Ct. 584. When the record was returned to the court below, leave was granted to the plaintiff to file an amended statement, amplifying the fact as alleged in the original statement, and reciting the various material incidents upon which the fact was founded. It set forth no new cause of action, nor new matter as an additional ground for recovery; it was properly allowed: Clark v. Pittsburgh Natural Gas Co., 184 Pa. 188. The court, in its order permitting the amendment to be made, directed the defendants to file a supplemental or amended affidavit of defense if they desired, within fifteen days after service of notice upon them so to do, together with a copy of the petition, and if they did not do so the plaintiff could move for judgment for want of a sufficient affidavit. The order contemplated an affidavit of defense responsive to the additional matter set up in the amended statement, unless the original affidavit was broad enough to cover the subsequent averments. The defendant filed an answer to this order, but declined to have it considered as a supplemental affidavit. Their contention before this court is that the plaintiff has no "right to call upon the defendants for a new affidavit of defense" after the first has been held sufficient. Mr. Justice WILLIAMS, in Jones v. Gordon, 124 Pa. 263, states the proposition: "Three questions are raised, viz:......(2) If an affidavit was necessary, could a second or third affidavit be required upon an amendment by leave of court of the plaintiff's statement of his cause of action?......Amendments are liberally allowed in our practice. Where an amended statement has been filed with leave of the court it is competent for the court to make such order for personal service thereof, and for the defendant's reply, as the justice of the case may require......And we accordingly hold that the court allowing an amendment in the statement, may provide by rule or order for its actual

service, and for judgment for want of a reply within such reasonable time as it may fix." This court said in McClurg v. Futer, 52 Pa. Superior Ct. 485: "It was held in Wetherill v. Stillman, 65 Pa. 104, which was followed by this court in Com., ex rel., v. Yeisley, 6 Pa. Superior Ct. 273, that it is not error to grant a second rule for judgment after defects in the original statement have been cured by amendment. It is equally clear that the fact that the affidavit of defense was sufficient to prevent judgment as the record stood when it was filed, will not preclude a motion for judgment after the record has been amended. But in such case the defendant must have notice of the fact and substance of the amendment, and notice and an opportunity to file a new or supplemental affidavit if he so desires." It will thus be seen that where the original statement is obscure or defective for any reason and is amended, a second rule for judgment may be obtained. While the court may order a supplemental affidavit of defense to be filed, it cannot compel the defendant to file this supplemental affidavit. Defendant may elect to stand upon his original affidavit, and on the second or third rules for judgment, if the defendant so elects, may require the court to pass upon the sufficiency of the original affidavit, in connection with the amended statement. "While we entertain no doubt as to the right of the court to grant leave to file a supplemental affidavit of defense, whenever the original is obscure or otherwise defective, we think it contrary to well-established practice, under the Affidavit of Defense Act, to require it to be done. If the defendant chooses to stand upon his affidavit, the court may pass upon its sufficiency, but it has no power to enforce an order to file supplemental affidavits": Laird v. Campbell, 92 Pa. 470.

In Moore v. Schmidt, supra, it was pointed out that the plaintiff had failed to attach a certified copy of the record of the Superior Court of Fulton County, Georgia, showing a ratification and confirmation of the sale, but

contented himself with the naked allegation that the sale has been confirmed by the court. When the amendment to the statement was filed, it contained a full and complete record of the Superior Court of Fulton County, Georgia, setting forth the necessary jurisdictional matters for the appointment of a receiver, and the proceeding incident to the ratification and confirmation of this sale. The record sets forth that it was "ordered, adjudged, and decreed that the contract attached to the petition and made part thereof be allowed and confirmed and the receiver is ordered and directed to make the sale upon the terms and conditions, and in accordance with the stipulations contained in said contract." Whether we consider the defendant as electing to stand upon his original affidavit, or as complying with the order of the court by filing a supplemental affidavit, in the nature of an answer to the order directing the supplemental affidavit to be filed, their defense is not sufficient to prevent summary judgment. It does not point out wherein this certified record of the Superior Court of Georgia is defective, or that that court rescinded its decree, with a copy of the rescinding decree. The certified record of a court of another state, complete on its face and containing authority for an act, which it has authority to grant, cannot be set aside by a general averment that the record does not exist or that the person for whose benefit the authority was supposed to be given "failed to secure the confirmation" as contained in said record. If this was a fraudulent record it should be so averred and facts stated to sustain the averment. If no such record existed or no such receiver existed, the record as it did exist should have been obtained and filed as a part of the defense. The court below committed no error in entering judgment on the affidavit as filed.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellants.