## Vincent, Appellant, v. Jenkins.

*Practice, C. P.—Amendment of statement—Supplemental affidavit of defense.*

Where the court permits a defective statement to be amended, the defendant should have notice of the amendment, and a copy of the amended statement, and should be given an opportunity to file an additional affidavit of defense if he so desires.

It is proper practice for the court in its order allowing the amendment to be filed, to direct that the defendant file a supplemental affidavit of defense if he so desires, and permitting the plaintiff to move for judgment for want of a sufficient affidavit within a reasonable length of time.

In an action for goods sold and delivered, where there is no controversy over the quantity, quality or cost of the material, an affidavit of defense is sufficient which sets forth a complete denial of contractual relationship either by the defendant or any one for him, with the plaintiff.

Argued March 1, 1915.   Appeal, No. 21, March T.; 1915, by plaintiff, from order of C. P. Luzerne Co., January T., 1914, No. 554, discharging alias rule to show cause why judgment shall not be entered for want of a sufficient affidavit of defense in case of Charles W. Vincent v. John E. Jenkins.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit for labor and for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows: John E. Jenkins, being duly sworn saith that he hath a full defense to the whole of the plaintiff's claim in the above case, in manner and form as the same is set forth in plaintiff's declaration, the nature and character of which is as follows, to wit: That defendant did not, either by himself or by any agent thereunto duly authorized, enter into the contract alleged in plaintiff's declaration.

448, (1915).]   Assignment of Error—Opinion of the Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Frederick D. Vincent,* for appellant.

*Arthur L. Turner,* for appellee.

OPINION BY KEPHART, J., July 21, 1915:

The question of procedure raised in this appeal appears to be definitely settled. It has been held that a second rule for judgment for want of a sufficient affidavit of defense may be obtained after defects in the original statement have been cured by amendment. The fact that the affidavit of defense was sufficient to prevent judgment on the record as it stood when the affidavit was filed, will not prevent summary judgment being entered on a second or third rule after the defective or obscure record is amended. The defendant should have notice of the amendment and a copy of the amended statement and should be given an opportunity to file an additional affidavit if he so desires: Com. v. Yeisley, 6 Pa. Superior Ct. 273; Wetherill v. Stillman, 65 Pa. 105; McClurg v. Futer, 52 Pa. Superior Ct. 485; Jones v. Gordon, 124 Pa. 263. In McClurg v. Futer, supra, the amendment to the statement was presented in open court in the presence of opposing counsel and a rule to show cause why a supplemental affidavit should not be filed was there taken. This court held that while there was no order made, there was a substantial compliance with the opinion of Justice WILLIAMS, in Jones v. Gordon, supra, wherein he states "that the court allowing an amendment in the statement, may provide by rule or order for its actual service, and for judgment for want of a reply within such reasonable time as it may fix." It is better practice, inasmuch as these supplemental pleadings are all by permission or leave of the court, for the court, in its order allowing the amendment to be filed, to direct that the defendant file a supplemental

affidavit if he so desires, and to permit the plaintiff to move for judgment for want of a sufficient affidavit within a reasonable length of time.   When the appellant's first rule for judgment was discharged, by leave of court he was permitted to amend his statement.   The order allowing this amendment did not contain any direction for the service of the amended statement, or an order requiring the defendant to file a supplemental affidavit if he so desired.   In fact, the docket entries do not show that the amended statement was filed.   A second rule for judgment was taken.   This practice is not in accordance with that intimated in Jones v. Gordon, supra.   The order should have contained a direction to the defendant to file a supplemental affidavit of defense, if he so desired, within a reasonable time, and authority given to the plaintiff to move for judgment for want thereof or for want of a sufficient affidavit of defense, in accordance with the practice as outlined in Moore v. Schmidt, et al., in an opinion this day filed.

Assuming the practice to have been regular, the original affidavit of defense is a complete denial of contractual relationship with the plaintiff, either by the defendant or any one for him.   The issue is clearly defined. It does not present any controversy over the quantity, quality or cost of the material.   It is limited solely to the question of the contractual relationship, actual or constructive, between the appellant and the appellee. The defendant declined to file a supplemental affidavit and stood on the sufficiency of his original affidavit as a complete answer to the amended statement.   This he has a right to do: Laird v. Campbell, 92 Pa. 470.

The assignments of error are overruled and the decision of the court below refusing judgment is affirmed.